## (February 13, 1951.)

■

ANGELO A. ANDREWS, Appellant, v. ANTHONY GHIKAS et al., Respondents.— In a negligence action, order denying plaintiff's motion to direct defendants to furnish him with copies of reports of physical and medical examinations of the plaintiff, conducted by doctors on behalf of defendants, affirmed, with $10 costs and disbursements. The examinations were had on consent of the plaintiff and, so far as appears, without any agreement or understanding that reports be furnished to the plaintiff. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.

■

ANN CUMMERFORD, Respondent, v. PEPSI-COLA COMPANY et al., Defendants. H. C. BOHACK CO., INC., Defendant-Appellant and Third-Party Plaintiff-Respondent, v. GOLD EDGE BEVERAGE CORPORATION, Third-Party Defendant-Appellant, et al., Third-Party Defendant.— In an action to recover damages for personal injuries sustained when a bottle containing carbonated beverage burst, judgment in plaintiff's favor for $4,000, plus $158.75 costs, against the retailer from whom plaintiff purchased the bottle, was entered upon a verdict of a jury, directed by the trial court at the close of the case and, upon order of the trial court, judgment for $4,000 was entered in the retailer's favor against the distributor from whom the retailer purchased the bottle. Upon appeals by the retailer and the distributor, judgment reversed upon the law and the facts and a new trial granted, with one bill of costs to appellants to abide the event. The record discloses a sharp issue of fact upon the cause of the bursting of the bottle, whether from a defect inherent in the bottle or solely from a blow struck against the bottle. Determination of the disputed fact must be by the jury. (Civ. Prac. Act, § 457-a; *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241; *Loewinthan* v. *Le Vine*, 299 N. Y. 372.) Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.

■

ROBERT E. DINEEN, Superintendent of Insurance of the State of New York, as Liquidator of Westchester Title & Trust Company, Assignee of Home Life Insurance Company, Appellant, v. WILLARD G. MYERS, Respondent.— Appeal from an order which granted a motion by the respondent to vacate, as against him, a deficiency judgment entered in a foreclosure action, on the ground that service of the summons and complaint had not been made upon him. Order reversed on the law and the facts, with $10 costs and disbursements, and the motion denied, without costs. The evidence on behalf of respondent did not overcome the presumption that there was due service of process. On this record we find that the summons and complaint were served upon respondent. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.