**Sarah Mae FLEMMING, Plaintiff,**

v.

**SOUTH CAROLINA ELECTRIC & GAS COMPANY, a corporation, Defendant.**

**Civ. A. No. 4386.**

United States District Court,
E. D. South Carolina, Columbia Division.

Feb. 16, 1955.

Philip Wittenberg, Columbia, S. C., for plaintiff.

Cooper & Gary (Paul A. Cooper and Frank B. Gary), Columbia, S. C., for defendant.

TIMMERMAN, Chief Judge.

This is an action brought by plaintiff, a negro woman, claiming damages for alleged violations of her civil rights. She alleges that a bus driver of defendant, acting under color of state law, Sections 1491 to 1496, Title 58, South Carolina Code of Laws 1952, required her to sit in a seat and to use an exit on one of defendant's busses on which she was a passenger that had been reserved for the exclusive occupancy and use of persons of her race. Plaintiff claims that such action on the part of defendant's bus driver violated Sections 1981 and 1983, Title 42 U.S.Code, and that jurisdiction of her alleged claim is conferred on this court by Section 1343, Title 28 U.S.Code.

The Court has before it for consideration a motion by defendant to dismiss the action. While several grounds for dismissal have been stated, it is only necessary to consider one of them, namely, that the complaint fails to state a claim upon which relief can be granted.

It is conceded by plaintiff's counsel that plaintiff's only claimed injury was the requirement that she sit in a place and leave the bus by an exit provided therein for the exclusive use of passengers of her own race. Therefore, unless the South Carolina statute requiring separate facilities for the races in defendant's busses is unconstitutional, plaintiff has no claim against defendant. Plaintiff's contention is that the statutes deny her "equal protection of the laws" secured to her by the 14th Amendment. She bases this contention on the Supreme Court's decision in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 692, 98 L.Ed. 873, 38 A.L.R.2d 1180, decided less than a year ago. An analysis of the opinion in that case shows that it is not applicable in the field of public transportation. There the Court said: "We conclude that in the field of public education the doctrine of 'separate but equal' has no place." It has made no such holding in the field of public transportation. Besides, the Court rested its opinion in the Brown Case almost exclusively upon sociological and psychological factors. It discussed such intangibles as opportunities to engage in discussions and to exchange views with students of a different race, and the supposed sociological effect which segregation might have on a negro child's motivation to learn. The whole basis of the decision is the claimed adverse effect which segregation has on the educational and mental development of negro children, or as otherwise stated, "the children of the minority group". Certainly, no such effect can be legitimately claimed in the field of bus transportation. One's education and personality is not developed on a city bus. To hold that the Brown decision extends to the field of public transportation would be an unwarranted enlargement of the doctrine announced in that decision and an unreasonable restriction on the police power of the State. This Court is still bound by the decision in Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256, which holds that segregation in the field of public transportation is a valid exercise of State police power. Although the Brown case discredited some of the language used in Plessy v. Ferguson, the Court's holding in that case has not been overruled.

See Lonesome v. Maxwell, D.C., 123 F.Supp. 193, holding that the Brown decision has no application to public recreational facilities; and Holmes v. City of Atlanta, D.C., 124 F.Supp. 290, holding that the Brown decision has no application to public golf courses.

It is concluded that the complaint fails to state a claim upon which relief can be granted and that it should be dismissed. It is so

Ordered.