Sarah Mae **FLEMMING**, Appellant,

v.

**SOUTH CAROLINA ELECTRIC AND GAS COMPANY**, a corporation, Appellee.

No. 6995.

United States Court of Appeals Fourth Circuit.

Argued June 21, 1955.

Decided July 14, 1955.

Philip Wittenberg, Columbia, S. C., and Robert L. Carter, New York City (Thurgood Marshall, New York City, and Spottswood W. Robinson, III, Richmond, Va., on brief), for appellant.

Frank B. Gary and Frank K. Sloan, Columbia, S. C. (Paul A. Cooper, Columbia, S. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an action for damages brought by a Negro woman against a bus company because the driver of the bus required her to change her seat in accordance with the segregation law of South Carolina applicable to motor vehicle carriers, South Carolina Code 1952, §§ 58–1491 to 58–1496, which she claimed to be violative of her rights under the 14th Amendment to the Federal Constitution. There was no diversity of citizenship, and defendant challenged the jurisdiction of the court to entertain the action under the Civil Rights Acts, 42 U.S.C.A. §§ 1981, 1983 and 28 U.S.C. § 1343(3). The trial judge, without discussing the question of jurisdiction, dismissed the case on the ground that state statutes complained of were valid under the decision of Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256. See Flemming v. South Carolina Electric & Gas Co., D.C., 128 F.Supp. 469. The correctness of that ruling as well as the question of jurisdiction are presented by the appeal.

We do not think that the separate but equal doctrine of Plessy v. Ferguson, supra, can any longer be regarded as a correct statement of the law. That case recognizes segregation of the races by common carriers as being governed by the same principles as segregation in the public schools; and the recent decisions in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 and Bolling v. Sharpe, 347 U.S. 497, 74 S. Ct. 693, 98 L.Ed. 884, which relate to public schools, leave no doubt that the separate but equal doctrine approved in

Plessy v. Ferguson has been repudiated. That the principle applied in the school cases should be applied in cases involving transportation, appears quite clearly from the recent case of 'Henderson v. United States, 339 U.S. 816, 70 S.Ct. 843, 94 L.Ed. 1302, where segregation in dining cars was held violative of a section of the interstate commerce act providing against discrimination. The argument that such segregation can be upheld as a proper exercise of the state police power was answered in the case of Dawson v. Mayor and City Council of Baltimore City, 4 Cir., 220 F.2d 386, 387, where with respect to segregation in recreational centers we said:

> " * * * it is obvious that racial segregation in recreational activities can no longer be sustained as a proper exercise of the police power of the State; for if that power cannot be invoked to sustain racial segregation in the schools, where attendance is compulsory and racial friction may be apprehended from the enforced commingling of the races, it cannot be sustained with respect to public beach and bath-house facilities, the use of which is entirely optional."

 We think that there can be no question as to the jurisdiction of the court. Under 28 U.S.C. § 1343(3) the District Courts are given jurisdiction of actions to redress the deprivation, under color of any state law, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens. The equal protection of the laws is guaranteed by the Fourteenth Amendment to the Constitution and by 42 U.S.C.A. § 1981, and liability for deprivation of such right is provided by 42 U.S.C.A. § 1983. Plaintiff's contention is that the defendant corporation, acting under color of state law, denied plaintiff her rights as secured by the Constitution and statutes, in that its driver, acting in accordance with state law, enforced the state segregation statutes against her and required her to change her seat. It is argued that, since the driver is made a police officer of the state by section 58–1494 of the South Carolina Code, his action is not attributable to the defendant; but we think it clear that he was acting for the defendant in enforcing a statute which defendant itself was required by law to enforce. See Code 58–1491. He was thus not only acting for defendant, but also acting under color of state law.

The decision appealed from will be reversed and the case will be remanded for further proceedings not inconsistent herewith.

Reversed and Remanded.