Benjamin Brenner, J.
Motion for physical examinations of plaintiffs in an action to recover for personal injuries. Plaintiffs are willing to submit to the examination, preferably to be conducted by the physican chosen by defendants, upon condition however that they receive a copy of the report of such examinations.
It does not follow, as is contended by the defendants, that plaintiffs automatically renounce their claim to a medical report where the examination is conducted by a physician chosen by defendants. True, where a plaintiff consents to an examination without prior request for or understanding that a report be furnished, it need not be furnished (Andrews v. Ghikas, 278 App. Div. 658). Where such prior unconditional consent is unobtainable, the defendant is obliged to move for a physical examination pursuant to section 306 of the Civil Practice Act. In such case, the court will appoint a physician and ordinarily direct that copies of the report be furnished to both parties (Tutone v. New York Consolidated R. R. Co., 189 App. Div. 954; Goldenberg v. Zirinsky, 114 App. Div. 827), in accordance with the provision in section 306 which enables the court to provide such “ restrictions and directions as to the court or judge shall seem proper.”
The court’s power to direct that a physician’s report be furnished is not limited to the case of an independently designated physician. Certainly, there is no such specific limitation to be found in the statute. The language there employed would seem to afford to the court a wide discretion as to directions, no matter whom the court designates. Thus plaintiffs are entitled to such reports, whether the examining physician be defendants’ choice or not, so long as the designation be made by the court pursuant to statute.
No advantage enures to plaintiffs for declining to voluntarily submit to physical examinations for, in my view, they are entitled to the medical report as a condition precedent to such *556 consent, provided they make timely request therefor. This would appear to be in keeping with current practice to broaden the availability and scope of examinations of parties generally and to furnish them with maximum nonprejudicial information prior to trial. A readily furnished medical report facilitates preference and pretrial procedures, expedites trial and still further reduces surprise as a factor in a lawsuit.
Since the record discloses that the doctor chosen by the defendants has experienced difficulty relative to the proposed examinations and that embarrassment would ensue if he be so designated, it seems best that the court appoint another physician for the purpose, upon Avhich examinations all X rays available to the plaintiffs •will be produced and following which a report shall be furnished to both parties within 10 days after their completion. Settle order on notice.