Emilio Nunez, J.
The court by order dated November 10, 1964 referred to a Special Referee to hear and report as to “whether there was proper service under Section 308 of the CPLR and as to the characterization of defendant’s stay at the hospital in which he was receiving training ’ ’. A hearing was held before the Special Referee and a report was filed with his recommendations, in which he found that the defendant’s residency at the hospital constituted legal residence for the purpose of effecting substituted service. On the issue as to whether substituted service was properly made, the Special Referee reported that the plaintiff failed to establish by a fair *186 preponderance of the evidence that the summons was properly affixed to the door of defendant’s ‘‘ business, dwelling house or usual place of abode within the state ”. The Special Referee therefore found that, although the defendant was amenable to service, he was not properly served so as to bring him within the jurisdiction of this State, pursuant to provisions of CPLR 308 (subd. 3).
The defendant now moves to confirm the report of the Special Referee vacating the service of process upon the defendant and dismissing the complaint for lack of jurisdiction of the person of the defendant.
The facts briefly are these:
The plaintiff as administratrix commenced an action for the wrongful death of her husband by reason of the alleged malpractice of the defendant. In attempting to serve a summons and verified complaint upon the defendant, a process server in his affidavit filed with the court papers states that he called upon defendant at the Metropolitan Hospital, located in the City of New York, on several days from June 2 to June 12, 1964; that in calling at such place he made efforts to make proper service and that on June 12, 1964, he affixed a copy of the summons and verified complaint to the outer door of Dr. Robert 8. Lettenty’s room at the residence for doctors at the Metropolitan Hospital, the defendant’s place of residence, and that on July 1, 1964, the process server mailed a copy properly enclosed in a postpaid wrapper addressed to defendant at Metropolitan Hospital.
At the hearing before the Special Referee it was established that the process server had died about one month prior to the hearing. This fact, in and of itself, did not require exclusion of the process server’s affidavit of service. Such an affidavit, as proof of service, is all that was required of plaintiff in order to make a prima facie case on this issue of fact (see CPLR 306), and the Referee so determined. HoAvever, in the opinion of the Referee the defendant’s testimony refuted the proof by way of the deceased process server’s affidavit that the summons and complaint were affixed to the door of the defendant at the hospital. The defendant denied seeing or finding the summons or complaint affixed to the door of his room. The Referee found that the plaintiff did not sustain the burden of proof regarding compliance with the statute.
A reading of CPLR 308 does not require that a defendant see or find the summons and complaint. It is no longer necessary, in order to utilize the method of substituted service, that an order be obtained. The purpose of substituted service is *187 to permit the plaintiff, who cannot with due diligence, effectuate personal service, another form of service. The method of mailing plus ‘ ‘ affixing the summons to the door of his place of business, dwelling house or usual place of abode within the state ’ ’ is calculated to insure that actual notice is given to the defendant.
The testimony by the defendant that he did not see or find the summons or complaint affixed to the door of his room does not overcome the plaintiff’s proof of service by the affidavit of the process server. Further, the proof shows that an envelope containing the summons and complaint addressed to defendant at the Metropolitan Hospital was forwarded to Massachusetts. The defendant admitted that when his sister notified him of said mail and its contents he then directed her to send the same to his attorney. Such evidence confirms that the defendant did receive actual notice of the action brought against him. The defendant’s testimony did not controvert the process server’s affidavit in any respect, including the mailing of the summons and complaint and affixing the summons and complaint to defendant’s door.
The record before me supports the view that the defendant was properly served with process pursuant to CPLR 308 (subd. 3) and the court finds that the plaintiff has complied with the statute and that the court has jurisdiction of the person of the defendant.
Motion to confirm Special Referee’s report is granted to the extent above indicated and denied as to the issue of proper service and jurisdiction.
Motion to strike affirmative defense, which had been held in abeyance, is granted.