**UNITED STATES of America,**

v.

**Stephen BARR, Bernard Bialo, Philip Bialo and Leo Nadelson, Defendants.**

**No. 68 Crim. 888.**

United States District Court

S. D. New York.

Jan. 30, 1969.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, for the United States; Frank M. Tuerkheimer, Asst. U. S. Atty., of counsel.

Robert Mitchell, New York City, for defendants Bernard Bialo, Philip Bialo and Leo Nadelson.

Jacob Stein, New York City, for defendant Stephen Barr.

EDWARD WEINFELD, District Judge.

The defendants are charged in separate counts of the indictment with violations of 18 U.S.C., section 242,[1] in that under color of state law, statute, regulation and custom they wilfully subjected and caused to be subjected inhabitants of the United States to the deprivation of their federal constitutional right not to be deprived of their property by the State of New York without due process of law. The hard core of the charge is that each defendant caused default judgments to be entered in state courts against specified inhabitants by signing affidavits of service of a summons and complaint when in fact they had not served such process upon said inhabitants.[2]

The defendants move to dismiss the indictment for failure to allege an offense. They contend, first, that when a non-official serves process his act is that of a private citizen and not one under color of law; in short, there is lacking the necessary "state action" to bring such conduct within section 242, which condemns the deprivation of constitu-

1. Section 2 of the Civil Rights Act of 1866, 14 Stat. 27. The historical development of the statute is set out in United States v. Williams, 341 U.S. 70, 83, 71 S.Ct. 581, 95 L.Ed. 758 (1951) (opinion of Frankfurter, J.).

2. For discussion of the problem of "sewer service" in New York, see 114 Cong.Rec. E5960–62 (June 27, 1968) (daily ed.); Committee on Legal Assistance, Does a Vendee Under an Installment Sales Contract Receive Adequate Notice of a Suit Instituted by a Vendor? 23 Record of N.Y.C.B.A. 263 (1968).

tional rights "under color of any law * * *", a term that has been equated, as has its civil counterpart, 42 U.S.C. section 1983, with the "state action" required under the Fourteenth Amendment.[3] Consequently, they contend section 242 is inapplicable because when one is engaged in the service of a summons and complaint, he acts "merely as a private citizen." They overlook that the State of New York authorizes them, and all other non-parties over eighteen years of age, to effect service[4] in lieu of the sheriff.[5] That New York has chosen to confer similar authority on all non-parties over eighteen years of age, a substantial segment of the population, does not render the conduct of these defendants, if proven at trial, any less an offense under the federal law. They perform a function of the sheriff, a public officer, when serving a summons and complaint under the statutory authorization.

■■ Due notice to a party of the commencement of suit against him and the opportunity to respond and to be heard is the very essence of the administration of justice, and the deprivation of those fundamentals is clearly a deprivation of one's constitutional right to due process of law under the Fourteenth Amendment.[6] Thus, if defendants had properly served process, they would have put into motion the judicial machinery of the State, just as the indictment charges that they triggered the judicial machinery by filing false affidavits which resulted in state action by the entry of the default judgments.[7] "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law."[8] The contention of the defendants that the acts charged were not under color of state law is without substance.

■ The indictment is also sustainable on the independent ground that even if the defendants themselves have not acted under color of state law, they have, by

3. United States v. Price, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

4. N.Y.C.P.L.R. Rule 2103(a) provides that "papers may be served by any person not a party of the age of eighteen years or over."

5. See N.Y.Sess.L., c. 379, § 112 (1848); 2 N.Y.Rev.Stat.Pt. 3, c. VII, §§ 93–96 (3d ed.1846).

   The statutory authorization of service of process by persons not denominated court officers is analogous to the provision under Rule 4(c) of the Federal Rules of Civil Procedure which, in addition to providing for service of process by a United States Marshal or his deputy, permits service by "some person specially appointed by the court for that purpose. * * *"

6. Schroeder v. City of New York, 371 U.S. 208, 211, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Shelley v. Kraemer, 334 U.S. 1, 16, 68 S.Ct. 836, 92 L.Ed. 1161 (1948); Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940); Brinkerhoff-Faris Trust & Savings Co. v. Hill, 281 U.S. 673, 679–682, 50 S.Ct. 451, 74 L.Ed. 1107 (1930); McDonald v. Mabee, 243 U.S. 90, 92, 37 S.Ct. 343, 61 L.Ed. 608 (1917); Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363 (1914); Roller v. Holly, 176 U.S. 398, 413, 20 S.Ct. 410, 44 L.Ed. 520 (1900); Pennoyer v. Neff, 95 U.S. 714, 733, 24 L.Ed. 565 (1877).

7. There is no merit to the contention that if the government's allegations are true that defendants failed to serve process, they have engaged in no action at all, let alone "state action"; for their affidavits of service remain, and it is to those affidavits that the State gives the operative legal effect that brings into play the federal statute. Likewise, it is too late to argue that unlawful action such as the filing of false affidavits cannot be action under color of state law. Screws v. United States, 325 U.S. 91, 108, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).

8. Screws v. United States, 325 U.S. 91, 109, 65 S.Ct. 1031, 1039, 89 L.Ed. 1495 (1945); United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941).

the filing of false affidavits of service of process, induced the clerks of the respective state courts so to act in entering default judgments. The indictment also charges a violation of section 2 of Title 18, which provides, "(b) Whoever willfully causes an act to be done which if directly performed by him *or another* would be an offense against the United States, is punishable as a principal." (Italics added.) Accordingly, the defendants may be convicted for having "caused" the violation even though they themselves were not legally capable of personally committing the forbidden act, and even though the persons they caused willfully to perform the act—in this instance the court clerks—are themselves guiltless of any crime for want of the requisite intent.[9]

The defendants next seek dismissal upon the ground that there was no deprivation of an inhabitant's right to due process since under New York law he may move to vacate the default judgment.[10] The contention hardly merits serious consideration. The entry of judgment upon default because of non-service at once subjects the judgment debtor's property to the lien of the judgment, the garnishment of his salary and the sale of all his property, real and personal, to satisfy the amount of the judgment.[11] This, apart from impairment of credit standing, is such a clear taking or interference of his property without notice of suit or an opportunity to be heard as to amount to an egregious deprivation of due process of law. "The action of state courts in * * * depriving parties of * * * substantive rights without providing adequate notice and opportunity to defend, has, of course, long been regarded as a denial of the due process of law guaranteed by the Fourteenth Amendment."[12]

That a party whose constitutional rights have been so infringed may move under state law to vacate the default judgment does not cure the deprivation of his constitutional right. Such an application may not always result in the vacatur of the judgment. The alleged defaulter has the burden of proving that in fact he was not served—establishing a negative and all that this entails. No matter how truthful his denial of service may be, his version may not be accepted by the trier of the fact.[13]

The motion to dismiss the indictment is denied.

---

9. United States v. Lester, 363 F.2d 68, 72–73 (6th Cir. 1966), cert. denied, 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542 (1967); cf. Pereira v. United States, 347 U.S. 1, 8–9, 74 S.Ct. 358, 98 L.Ed. 435 (1954); United States v. Kelley, 395 F.2d 727, 729 (2d Cir. 1968); United States v. Inciso, 292 F.2d 374, 378 (7th Cir.), cert. denied, 368 U.S. 920, 82 S.Ct. 241, 7 L.Ed.2d 135 (1961); Boushea v. United States, 173 F.2d 131, 134 (8th Cir. 1949); United States v. Selph, 82 F.Supp. 56, 58 (S.D.Cal.1949).

10. N.Y.C.P.L.R. Rule 5015(a); Gale v. Saunders, 210 N.Y.S.2d 109 (Sup.Ct. 1960); Automatic Phonograph Maintenance Service v. Werger, 17 Misc.2d 493, 191 N.Y.S.2d 388 (Sup.Ct.1958); Potenza v. Canto, 18 N.Y.S.2d 849, 851 (Schenectady Cy.Ct.1940).

11. N.Y.C.P.L.R. §§ 5201–03.

12. Shelley v. Kraemer, 334 U.S. 1, 16, 68 S.Ct. 836, 843, 92 L.Ed. 1161 (1948).

13. Dineen v. Myers, 278 App.Div. 658, 102 N.Y.S.2d 596, 597 (2d Dep't 1951); Denning v. Lettenty, 48 Misc.2d 185, 186, 264 N.Y.S.2d 619, 621–622 (Sup.Ct.1965); Automatic Phonograph Maintenance Service v. Werger, 17 Misc.2d 493, 191 N.Y.S.2d 388 (Sup.Ct.1958). Cf. Armstrong v. Manzo, 380 U.S. 545, 551, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).