Christina **MULLARKEY**, Jane Benedict, Augusta Karlson, Judith Simon, and Anthea Lingeman, Plaintiffs,

v.

Helen **BORGLUM**, Mildred Napoli, Irene Lyons and Hon. Frank S. Hogan, District Attorney of New York County, Defendants.

**No. 70 Civ. 1798.**

United States District Court,
S. D. New York.
July 2, 1970.

Lubell, Lubell, Fine & Schaap, Lester Evens, Marttie L. Thompson, New York City, for plaintiffs.

Shultz & Garber, Frank S. Hogan, Dist. Atty., New York City, for defendants.

*Opinion on Motions to Dismiss and on Motion for Preliminary Injunction*

MOTLEY, District Judge.

Three of the plaintiffs in this action are tenants in a relatively small multiple

dwelling (15 units) in the City of New York. The other plaintiffs are officers of, or organizers for, tenant organizations concerned with advancing and protecting the rights of tenants in the City of New York.

Defendants are the landlord of the tenants' building, Helen Borglum; the superintendent of the building and her daughter; and Frank Hogan, the District Attorney of New York County.

The gravamen of the complaint is that the landlord, in retaliation against plaintiffs for their tenant-organizing activities, has instituted State court eviction proceedings against her tenants and State criminal actions against her tenants and their supporters, all of which are baseless, in violation of rights secured to plaintiffs by the First and Fourteenth Amendments to the Federal Constitution and 42 U.S.C. §§ 1983[1] and 1985(2).[2]

The action, resting jurisdiction in this court on 28 U.S.C. §§ 1343, 2201, 2202 and 1331, seeks: 1) an order declaring that the civil and criminal actions instituted in the State courts by defendant Borglum against plaintiffs are arbitrary, unlawful and unconstitutional; 2) preliminary and permanent injunctions enjoining defendants from proceeding with the prosecution of State court civil and criminal litigation; and 3) damages in the amount of $10,000 as to each plaintiff.

Defendant Hogan has moved to dismiss the action on the ground that the allegations of the complaint fail to state a cause of action on which relief may be granted and on the ground that this court lacks jurisdiction. More specifically, defendant Hogan claims that plaintiffs have failed to allege grounds sufficient for this court's intervention in the pending State criminal proceeding since the complaint fails to allege: "special circumstances" beyond those incident to every criminal proceeding brought lawfully and in good faith, Cameron v. Johnson, 390 U.S. 611, 618, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); facts sufficient to show that defendant Hogan is prosecuting plaintiffs with knowledge that

---

1. 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. 42 U.S.C. § 1985(2) provides:

(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

However, for the remedy the next section must be read.

42 U.S.C. § 1985(3) provides, in pertinent part, as follows:

* * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

the prosecutions will not succeed, Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); or facts sufficient to show irreparable injury on the ground that their state remedies are inadequate. Potwora v. Dillon, 386 F.2d 74 (2d Cir. 1967). Defendant Hogan also claims that since there is no allegation in the complaint that he is acting in concert with defendant Borglum, the latter may not be enjoined because 42 U.S.C. § 1983 prohibits only "state action", not private action. United States v. Price, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). Finally, the District Attorney claims that if the court should enjoin defendant Borglum as plaintiffs request (if the court decides that it cannot enjoin the proceeding itself), that this would be tantamount to enjoining him. Studebaker Corporation v. Gittlin, 360 F.2d 692, 696 (2d Cir. 1966).

Defendant Helen Borglum, the landlord, has filed an answer to the complaint denying all the essential allegations, except the alleged filing of the pending civil and criminal proceedings and the issuance of a criminal summons against one of defendant Mullarkey's lawyers. The answer prays for dismissal of the complaint.

Plaintiffs moved for a preliminary injunction enjoining the pending State court civil and criminal proceedings, in answer to which defendant Hogan filed his motion to dismiss. Defendant Borglum filed an affidavit in which she alleged that her tenants; had harassed, assaulted and degraded her ever since she acquired ownership of the building on September 1, 1967; had filed a number of baseless complaints against her with the City's Rent and Rehabilitation Agency; had taken out a summons against her for alleged assault; had damaged her property; and had criminally assaulted her, thus creating a myriad of sharply contested issues of fact. The landlord claims the preliminary injunction application should be dismissed as to the pending eviction proceeding since, contrary to plaintiffs' assertion, the defense of retaliatory eviction may be raised by the tenants in that proceeding since these are rent controlled premises. Consequently, there would not be any irreparable injury to plaintiffs necessitating a federal court injunction against that proceeding. Club Van Cortlandt v. Hosey, N.Y.L.J., p. 2, June 11, 1970; Hosey v. Club Van Cortlandt, 299 F.Supp. 501 (S.D.N.Y. 1969). The landlord has also advanced all of the grounds urged by defendant Hogan for dismissal of the action with respect to the allegations regarding the pending criminal proceeding.[3] "A motion to dismiss the amended complaint raises the issue of its sufficiency and, of course, requires us to accept its well-pleaded facts as the hypothesis for decision." Collins v. Hardyman, 341 U.S. 651, 652, 71 S.Ct. 937, 938, 95 L.Ed. 1253 (1951).

There are four claims in the amended complaint. The first claim alleges, in essence, that commencing on or about September 1, 1967, the defendant landlord "together with others", including the defendant superintendent and her daughter, conspired "for the purpose of impeding, hindering, obstructing, and defeating the due course of justice in the State of New York and with intent to deny to plaintiff Mullarkey", a tenant of the building, "the equal protection of the laws, and to injure her and her property for lawfully enforcing and attempting to enforce her rights to the equal protection of the laws." (Amended Complaint, para. 8) 42 U.S.C. § 1985(2). With respect to this claim, the complaint alleges that on or about September 2, 1969 defendant Borglum commenced a civil action in the New York City Civil Court in Manhattan against plaintiff Mullarkey, in which Borglum sought to have Mullarkey evicted from the premises rented by Borglum to Mullarkey. After four adjournments by Borglum, the case came to trial on Janu-

---

3. *See* Defendant's Memorandum in Opposition to Motion for Preliminary Injunction and in Support of Motion to Dismiss.

ary 19, 1970, concluded January 21, 1970, and resulted in a mistrial by virtue of the failure of the jury to agree on a verdict. A new trial date has been set. It is this trial which plaintiff Mullarkey seeks to enjoin. The other two tenant plaintiffs reside in Mrs. Mullarkey's apartment; one is her daughter, the other is a boarder.

The complaint then alleges, with respect to the first claim, that after the mistrial, plaintiff Mullarkey and her lawyer met with other tenants, who were her witnesses and prospective witnesses, in the apartment of another tenant in the building owned by Borglum and after the meeting encountered defendant Borglum in the hall. It is alleged that the defendant superintendent of the building notified defendant Borglum of the meeting, after which defendant Borglum came to the building. Two days later, plaintiff Benedict (Chairman of the Metropolitan Council on Housing) attended another meeting in the building to which she had been invited along with other witnesses and potential witnesses on behalf of plaintiff Mullarkey. At that time, plaintiff Benedict and plaintiff Karlsen (an organizer of tenants for Yorkville Save Our Homes, a voluntary association of tenants) were served with criminal summonses, the issuance of which had been procured by defendant Borglum. The criminal complaint alleges that at the time of the second meeting these plaintiffs generally annoyed and harassed, and pushed Mrs. Borglum and that these plaintiffs had no lawful reason for being on the premises. These criminal charges are still pending in the State court which defendant Hogan has the duty to prosecute.

The instant complaint then alleges that other plaintiffs who are witnesses or prospective witnesses for plaintiff Mullarkey in the eviction proceeding against her are threatened with similar criminal prosecutions and that still other plaintiff witnesses have been charged. It is these State criminal proceedings which the plaintiffs also seek to enjoin. A lawyer for plaintiff Mullarkey was also served with a criminal summons. That summons was dismissed after the lawyer appeared at the preliminary hearing and no complaint was ever issued by the Criminal Court of New York City against the lawyer. Plaintiffs claim that the criminal charges against them are baseless and are made against them in furtherance of the alleged conspiracy. (Amended Complaint, para. 16). Plaintiffs' legal theory is that, "If defendants are allowed to continue to prosecute said criminal actions, the state courts will be utilized for the unlawful and unconstitutional end of denying plaintiff Mullarkey due process of law and equal protection of laws by singling her out as a citizen not entitled to defend herself in a state court civil proceeding, because her witnesses will be harassed and intimidated and 'chilled' into not testifying in her behalf, and thus cause her irreparable harm in that without them she will not be able to adequately defend said action." Plaintiffs then claim that no adequate remedy at law exists. (Amended Complaint, para. 17). In support of this claim, plaintiffs rely upon Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948) and Barrows v. Jackson, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953).

The second cause of action or claim is that plaintiff Mullarkey is a leader of tenants in the premises where she resides and has met with them periodically, has discussed with them their grievances with the landlord, and has been instrumental in framing and filing rent reduction forms with the Office of Rent Control of the Department of Rent and Housing Maintenance of the City of New York. She has also been instrumental in enlisting the aid and assistance of tenants' organizations headed by plaintiff Jane Benedict and others in organizing the tenants of the premises. (Amended Complaint, para. 18). In connection with this second claim, it is alleged that since defendant Borglum became owner of the premises, on or about September 1, 1967, she has attempted to force out of the premises as many of

the tenants as she can, although she is required by law to apply to the local rent control agency for eviction of the tenants and for the raising of the rents of her tenants. The complaint then alleges that defendant Borglum has failed to make these required applications, has evicted at least three former tenants without compliance with local law, and is extracting illegal rents from her tenants. (Amended Complaint, para. 20). Plaintiffs next allege that there have been several previous criminal summonses taken out by the landlord against Mullarkey, her daughter, and her boarder and several prior "dispossess" proceedings instituted against these tenants by the landlord, all of which have been dismissed, after several adjournments by the landlord, in furtherance of a campaign to force Mullarkey and the remaining tenants from the building. (Amended Complaint, para. 21). Plaintiffs' legal position is that in using the legal processes of the State in her attempt to harass and intimidate plaintiff Mullarkey in retaliation for Mrs. Mullarkey's exercise of her First and Fourteenth Amendment rights to organize tenants to resist the landlord's pressures, defendant Borglum has acted "under color of state law" and authority to deprive plaintiff of equal protection of the laws and her rights under the First Amendment of the United States Constitution. (Amended Complaint, para. 22). To allow Borglum to continue to prosecute the pending eviction action, the complaint alleges, would be to allow state action to punish plaintiff for the exercise of constitutional rights. (Amended Complaint, para. 23). In support of this claim, plaintiffs rely upon United States v. Barr, 295 F.Supp. 889 (S.D.N.Y.1969), as well as Shelley v. Kraemer, *supra,* and Barrows v. Jackson, *supra.*

The third claim alleges that plaintiffs Jane Benedict, Augusta Karlsen, Judith Simon, and Anthea Lingeman are all organizers of tenants of the City of New York, are associated with various tenants organizations, and are active in organizing tenants and informing them of their rights and how to exercise those rights under State and local law. (Amended Complaint, para. 24). In furtherance of said organizational activity, it is alleged, some of these plaintiffs were present at the invitation of plaintiff Mullarkey and other tenants at a meeting in the apartment of one of the tenants on January 24, 1970. As a result of the presence of these plaintiffs at that time, and in retaliation for their exercising then and there their First Amendment rights to free speech and assembly, all of these plaintiffs, it is alleged, are being prosecuted or are threatened with prosecution by defendants Borglum and Hogan "in prosecution [sic] brought and threatened to be brought, in bad faith, with no possibility of success, which has the effect of intimidating, harassing, and chilling" these plaintiffs into abandoning their First Amendment rights. (Amended Complaint, para. 25). In support of this claim, plaintiffs rely upon Dombrowski v. Pfister, *supra.*

The fourth and final claim is that plaintiffs Perau and Gore (the former being Mrs. Mullarkey's daughter and the latter being Mrs. Mullarkey's boarder) were purportedly served with summonses on or about May 2, 1970, returnable in the New York City Criminal Court, charging them with third degree assault in violation of New York Penal Law. It is alleged that said charges are without any basis in fact and are made solely for the purpose of driving these plaintiffs out of Mrs. Mullarkey's apartment, in which they now reside, without due process of law and without any lawful reason therefor, in violation of their rights under the laws and Constitution of the United States (Amended Complaint, para. 26 and 27).

Assuming the foregoing allegations of the complaint to be true, the question, on the motions to dismiss, is whether any of them is sufficient to state a claim under 42 U.S.C. § 1983 and/or § 1985 (2).

### 1. *Requirements for Stating a Claim Under § 1983*

The most recent exposition by the United States Supreme Court of the requirements for stating a claim under § 1983 is found in Adickes v. Kress and Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed. 2d 142 (decided June 1, 1970). There the Court held:

The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory." This second element requires that the plaintiff show that the defendant acted "under color of law". (398 U.S. at 150, 90 S.Ct. at 1604).

This complaint, when construed most favorably for plaintiffs in the light of all its allegations, alleges that Mrs. Borglum has embarked upon a campaign to deprive all plaintiffs of their First Amendment rights, to deprive Mrs. Mullarkey of due process and equal protection of the laws, and to deprive the other two tenant plaintiffs of the equal protection of the laws and of their property rights without due process of law. First Amendment rights are secured to plaintiffs by the due process clause of the Fourteenth Amendment to the Federal Constitution against infringement by the state. Equal protection of the laws of a state is also secured against state infringement by the equal protection clause of that Amendment. The complaint, therefore, meets the first requirement for stating a cause of action under § 1983.

Whether the complaint meets the second requirement of alleging facts sufficient to show that Mrs. Borglum acted "under color of law" is more difficult. When a complaint meets the first requirement and the defendant is a state officer or official, the second requirement is automatically met. "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." Monroe v. Pape, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961), quoting from United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). In *Adickes, supra,* Mr. Justice Brennan in his opinion, concurring in part, said: "Thus, a public official acting by virtue of his official capacity always acts under color of state statute or other law, whether or not he overtly relies on that authority to support his action, and whether or not that action violates state law." (398 U.S. at 212, 90 S.Ct. at 1631. Opinion of Mr. Justice Brennan).

When the defendant or one of the defendants is a private person, in order to show that the private person acted "under color of law" it is necessary to show: 1) that the private person conspired with state officials, or 2) sufficient state action to prove a violation of plaintiffs' Fourteenth Amendment rights, i. e., either state compulsion or sufficient state involvement. *Adickes, supra.* (398 U.S. at 152, 161, 169, 170, 90 S.Ct. 1598. Majority Opinion). As the majority in *Adickes* points out, merely showing state involvement with a private person does not focus sharply enough on the issue; plaintiffs must show sufficient state involvement with the precise action alleged to be unconstitutional. *Id.*

The conspiracy claim in the first cause of action does not allege that defendant Borglum, in interfering with plaintiffs' constitutional rights, conspired with defendant Hogan or any other state official to deny plaintiffs their constitutional rights. (*See* para. 8 of the Amended Complaint). The Court in *Adickes, supra,* said:

The involvement of a state official in such a conspiracy plainly provides the state action essential to show a direct violation of * * * Four-

teenth Amendment equal protection rights, whether or not the actions of the [state officials] were officially authorized, or lawful; * * *. Moreover a private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983. "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the state or its agents,". United States v. Price, 383 U.S., at 789 [86 S.Ct. 1152, 16 L.Ed. 2d 267]. (398 U.S. at 152, 90 S.Ct. at 1605, Majority Opinion).

Clearly, it is not alleged nor can it be proved that Mrs. Borglum acted under compulsion of State law. The next question, therefore, is whether there is alleged in the complaint sufficient State involvement in defendant Borglum's alleged unlawful acts as to meet the state action requirement. The *Adickes* Court left open the question of how much less involvement on the part of a state, other than state compulsion, might satisfy the state action requirement. (398 U.S. at 171, 90 S.Ct. 1598, Majority Opinion). And, as the Court pointed out it "is far from clear" under its prior decisions when and to what extent a state's involvement with the wrongful action of a private person is sufficient for Fourteenth Amendment purposes. *Id.* at 170, 90 S.Ct. 1598.

Plaintiffs claim in their second cause of action that Mrs. Borglum, in using the legal processes of the State in her attempts to harass and intimidate plaintiff Mullarkey in retaliation for Mrs. Mullarkey's exercise of her First Amendment rights, has acted under color of state law and authority to deprive plaintiff of equal protection of the laws. Mr. Justice Brennan believes that, "A private person acts 'under color of' a state statute or other law when he, like the official, in some way acts consciously pursuant to some law which gives him aid, comfort, or incentive. Cf. Griffin v. Maryland, 378 U.S. 130 [84 S.Ct. 1770, 12 L.Ed.2d 754] (1964); Flemming v. South Carolina Elec. & Gas Co., 224 F. 2d 752 (C.A. 4th Cir. 1955), appeal dismissed, 351 U.S. 901 [76 S.Ct. 692, 100 L.Ed. 1439] (1956); or when he acts in conjunction with a state official, as in United States v. Price, *supra.*" *Adickes supra.* (398 U.S. at 212, 90 S.Ct. at 1631, Opinion of Mr. Justice Brennan).

In the *Griffin* case, a deputy sheriff, who had been employed by the owners of a private amusement park, ordered Negroes picketing the park in protest against the park's policy of racial segregation to leave the park, arrested them, and instituted prosecutions against them.

In the *Flemming* case, a bus driver required a Negro woman to change her seat in accordance with South Carolina's segregation law applicable to buses.

In the *Adickes* case, Mr. Justice Brennan found that Mississippi statutory law did authorize and encourage respondent there to discriminate against petitioners on the basis of race. Therefore, all that petitioner was required to show, according to Mr. Justice Brennan, was "that respondent was aware of that body of law as prescribing, encouraging, authorizing, legitimating, effectuating, or otherwise supporting its refusal to serve petitioner." (398 U.S. at 212, 90 S.Ct. at 1631, Opinion of Mr. Justice Brennan). There are no such allegations made here regarding the New York statutory law involved in the State court proceedings, nor can any such allegations be made in this case.

Certainly, it cannot seriously be contended that every time a court clerk, at the request of a private person, initiates a civil action against another or a criminal summons is issued on the complaint of a private person,[4] that that pri-

---

4. New York City Criminal Court Act § 57 (McKinney 1963); Rules of the Criminal Court of New York, Part 2950, as amended to June 30, 1969 (McKinney 1969).

vate person acts under color of law for Fourteenth Amendment purposes, or the state constitutes that private person an agent of the state for the purpose of carrying out a state function, as contended by plaintiffs in reliance upon United States v. Barr, 295 F.Supp. 889 (S.D. N.Y.1969). The fact that the state provides the machinery and a forum for the hearing of private disputes, no matter how baseless, does not provide the necessary showing, without more, that there is the required state action for Fourteenth Amendment purposes. Stevens v. Frick, 372 F.2d 378 (2d Cir.), cert. den., 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 973 (1967). The decision in United States v. Barr, *supra,* is sustainable on the wholly independent ground set forth therein.

■ Plaintiffs' reliance upon United States v. Thomas, 362 U.S. 58, 80 S.Ct. 612, 4 L.Ed.2d 535 (1960) (and other similar voting cases) is misplaced. There the Court affirmed the District Court's finding and conclusion that the individual defendants who, motivated solely by racial discrimination, challenged the registration status of Negro voters acted under color of state law which permitted them to make such challenges. But upon reading the District Court's opinion in that case it is clear that what he really found was that the defendant Registrar of Voters had conspired with the individual defendants to deny Negroes their right to register and to vote. United States v. McElveen, 180 F.Supp. 10 (E. D.La.1960). In other words, the discrimination there was discriminatory action of the state, itself. Although it is not stated in the opinion of the three-judge court what individual action was involved in United States v. Association of Citizens Councils of Louisiana, 187 F. Supp. 846 (W.D.La.1960), the subsequent injunction issued by the single-judge court against the Registrar of Voters makes it clear that the state, itself, was involved in the discrimination as it was in *McElveen* and *Thomas* in the challenges to the registration status of Negroes. 196 F.Supp. 908 (W.D.La.1961).

United States v. Lucky, 239 F.Supp. 233 (W.D.La.1965) involved the same situation as that involved in *McElveen*, i. e., challenges by Citizen's Council members to Negro registrants. However, in that case the government failed to prove discrimination by either the Registrar of Voters or the individual challengers. These cases, therefore, do not stand for the proposition that whenever a state delegates to private persons the power to trigger state action, without more, the individual acts under color of state law for § 1983 purposes or is thereby made the agent of the state. The instant complaint, therefore, fails to allege facts sufficient to show that defendant Borglum acted under color of state law.

Plaintiffs claim that the use of the States' courts to effectuate Mrs. Borglum's unlawful actions would be prohibited state action for Fourteenth Amendment purposes. Plaintiffs are sustained in this claim by two prior decisions of this court. Hosey v. Club Van Cortlandt, *supra*, and the unreported case cited therein. However, in Stevens v. Frick, *supra* 381, the court ruled:

> While Shelley v. Kraemer does establish that the action of state courts may constitute state action for purposes of the Fourteenth Amendment and thus may give rise to a claim under the Civil Rights Act of 1871, the state judicial action involved in *Shelley* is readily distinguishable from that presented here. In *Shelley* the state courts, following a settled line of state decisions, had enforced racially restrictive covenants in deeds. The state had thus provided "the full coercive power of government to deny to petitioners, on the grounds of race or color, the enjoyment of property rights in premises which petitioners [were] willing and financially able to acquire and which the grantors [were] willing to sell." * * *

Plaintiffs' reliance upon Shelley v. Kraemer, *supra,* is therefore also unprofitable without a showing of conscious state involvement in the unlawful

conduct or a history of unconstitutional state conduct.

■ The third claim alleges that defendants Borglum and Hogan are prosecuting plaintiffs and are threatening to bring prosecutions in bad faith and with no possibility of success which has the effect of intimidating, harassing and chilling the exercise of plaintiffs' First Amendment rights. These conclusory allegations as to defendant Hogan are an attempt to simulate the claim recognized in Dombrowski v. Pfister, *supra,* but the allegations here are not sufficient to state a claim against defendant Hogan within the contemplation of *Dombrowski.*

First, it must be noted what plaintiffs are actually claiming. Plaintiffs' claim is as follows: "If the state provides a procedure whereby a private citizen can stand in the shoes of the public prosecutor, the state can hardly complain that that private citizen commences an action unlawfully and in bad faith. Cf. United States v. Barr, 295 F.Supp. 889 (S.D.N.Y.1969)." [5] The complaint alleges no facts which show, or from which may be inferred, "bad faith" on the part of defendant Hogan. Most significantly, it is nowhere alleged in the complaint that defendant Hogan is acting with knowledge that there is no possibility of success. It is not even alleged that defendant Hogan, or any of his agents, is aware of plaintiffs' tenant organizing activities. There is no claim here of the use of an unconstitutional statute by defendant Hogan for the purpose of harassing plaintiffs or denying them their First Amendment rights. The complaint thus fails to make out the claim allowed in *Dombrowski,* i. e., to show the required "special circumstances" which the Court ruled in Cameron v. Johnson, *supra,* must be shown to justify a federal court injunction against state court criminal proceedings.

Defendant Hogan is not mentioned in either the second or fourth claims. All four claims must, therefore, be dismissed as to defendant Hogan. This court also holds that plaintiffs have failed to state a claim against defendant Borglum under § 1983, since they have failed to show that defendant Borglum acted under color of state law. The court, therefore, need not reach the question whether § 1983 is an exception to 28 U.S.C. § 2283, the anti-injunction statute, as urged by plaintiffs.

### 2. *Requirements for Stating a Claim Under § 1985(2)*

This court also concludes that the allegations of the complaint, when construed together and when construed most favorably for plaintiffs, can fairly be said to make out a claim within the bramblebush of § 1985. More specifically, there is alleged a conspiracy which, it can be said, falls within the amorphous requirements of § 1985. That statute provides in pertinent part as follows:

(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or

---

5. Plaintiff's Supplemental Memorandum of Law at 23.

class of persons, to the equal protection of the laws;

(3) * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

■■ The allegations here fall within the broad contours of the second conspiracy defined in § 1985(2), i. e., a conspiracy which has as its purpose the impeding, hindering, obstructing, or defeating, in any manner, the due course of justice with intent to deny to Mrs. Mullarkey the equal protection of the laws, or to injure her property for lawfully enforcing, or attempting to enforce her right, and the rights of other tenants in her building, to the equal protection of New York's Rent Control laws. The complaint alleges that Mrs. Borglum has caused criminal summonses to be issued against Mrs. Mullarkey's witnesses and prospective witnesses in furtherance of the alleged object of the conspiracy whereby Mrs. Mullarkey is deprived of her right to freedom of speech and due process of law which are rights of a citizen of the United States. Cf. Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951) (dissenting opinion). The right alleged to have been violated in the first claim, by the landlord's criminal summons against Mrs. Mullarkey's witnesses and prospective witnesses, is Mrs. Mullarkey's right to the equal protection of the laws of New York and due process of law in respect to such witnesses, i. e., the right to have witnesses in her defense in the State court eviction proceeding. The right alleged to have been violated by the second claim is Mrs. Mullarkey's right to the equal protection of the laws as well

as her right to freedom of speech. When the allegations of the fourth claim are read in conjunction with the other claims and are construed most favorably for plaintiffs, the complaint alleges that the landlord conspired with others to drive the other tenant plaintiffs from the defendant Borglum's rent-controlled premises without due process of law and in violation of their rights to equal protection of New York's Rent Control Laws and their right to freedom of speech.

■ Section 1985, like § 1983, is an Act of Congress which it passed to enforce the Fourteenth Amendment and to protect from interference the rights secured thereby as well as other constitutional rights. Adickes v. Kress & Co., *supra*, 398 U.S. at 221, 222, 90 S.Ct. 1598, (Opinion of Mr. Justice Brennan). Unlike § 1983, however, there is no "color of law" requirement in § 1985(2). The language of the entire statute makes plain that it is directed against the conspiracies of private persons to interfere with rights secured by the Fourteenth Amendment, other constitutional rights, and the post-Civil War statutes specifically securing Fourteenth Amendment rights. Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951) (dissenting opinion). It is, therefore, unnecessary to the maintenance of an action under § 1985(2) to allege or show any state action or involvement by any state official. United States v. Guest, 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966); Adickes v. Kress & Co., *supra*, 398 U.S. at 208–210, 90 S.Ct. 1598 (Mr. Justice Brennan's Opinion).

While plaintiffs have made out a claim under § 1985(2), however, they are not entitled to a preliminary injunction. The statutory remedy provided for injury or deprivation of rights sustained by virtue of a conspiracy described in § 1985(2) is set forth at the end of § 1985(3), and is limited to "the recovery of damages." This court, however, declines to exercise its equity powers to issue a preliminary injunction against Mrs. Borglum for the reasons set forth herein.

### 3. Requirements for Obtaining Preliminary Injunction

Plaintiffs have moved for a preliminary injunction enjoining: 1) the State court eviction proceeding; 2) the State court criminal proceedings; and 3) if the court finds that it cannot enjoin defendant Hogan or the criminal proceedings, then an injunction enjoining Mrs. Borglum from proceeding. Rule 65, Fed. R.Civ.P.

A plaintiff's burden on a motion for preliminary injunction is a heavy one. Plaintiff must show, inter alia, that the denial of the requested relief will result in immediate irreparable injury before a trial upon the merits may be obtained and that there is a probability of success upon that trial. Hills Bros. Coffee, Inc., v. Hills Supermarket, Inc., 428 F.2d 379 (2d Cir. 1970); Foundry Services, Inc. v. Beneflux Corp., 206 F.2d 214 (2d Cir. 1953); Huber Baking Co. v. Stroehmann, 208 F.2d 464 (2d Cir. 1953); Hosey v. Club Van Cortlandt, 299 F.Supp. 501 (S.D.N.Y.1969).

Here plaintiffs claim that unless the eviction proceeding is enjoined, Mrs. Mullarkey will suffer irreparable injury because it is not at all clear that she is entitled to raise the defense of retaliatory eviction in that proceeding and will, therefore, be foreclosed from demonstrating that the State courts are being used to deny her her constitutional rights. The same applies, says plaintiffs, to the criminal prosecutions where the State is more heavily involved as prosecutor.

In the Hosey case Judge Croake denied the requested injunction on the ground that, since the defense of retaliatory eviction probably could be raised in the State court eviction proceeding, no irreparable injury had been shown. The State court in that case has now ruled that the defense of retaliatory eviction is available. Club Van Cortlandt v. Hosey (1970), N.Y.L.J., p. 2, June 11, 1970. The availability of the defense of retaliatory eviction means that the cardinal prerequisite of a showing of irreparable harm has not been made by plaintiffs which would justify the issuance of a preliminary injunction against the State court eviction proceeding. Although the Hosey case involved non-rent-controlled property, the decision would, undoubtedly, be applicable to rent-controlled premises such as are involved here. Moreover, as Mrs. Borglum correctly points out and as the dissenting opinion in Club Van Cortlandt v. Hosey, supra, makes plain, evictions from rent-controlled premises in New York City are well nigh impossible because they are strictly limited and may be obtained only upon the landlord's proving one of the grounds enumerated in the applicable law. Rent and Eviction Regulations of the Temporary State Housing Rent Commission §§ 52, 53. McKinney, Unconsolidated Laws, Vol. 65, Part 3 (1961) and Appendix (1969). See id. Section 51. The claim of lack of availability of the defense of retaliatory eviction seems irrelevant and is not particularly persuasive.

Defendant Borglum claims that all of her proceedings against plaintiffs have been brought in good faith. She claims that this is evidenced by the fact that the pending eviction proceeding was tried in January of this year before a jury, requested by Mrs. Mullarkey, which ended in a hung jury. (Defendant's Memorandum in Opposition to Motion for Preliminary Injunction at 16).

As for the criminal proceedings, Mrs. Borglum says that complaints were issued against the non-tenant plaintiffs after a hearing in which the Criminal Court decided that a prima facie case had been made. She also says that the fact is that an earlier proceeding brought against another tenant on substantially the same complaint as is now pending against Mrs. Mullarkey, and in which proceeding Mrs. Mullarkey testified on behalf of the defendant, resulted in conviction. (Id. at 17–18).

Mrs. Borglum's answering affidavit in this case raises so many issues of fact that this court believes that

plaintiffs have failed to carry their burden of showing a fair likelihood of success upon the trial. There are just too many disputed facts and too many doubts about the facts (which will obviously require a long trial to develop) to sustain the issuance of a preliminary injunction. Foundry Services, Inc. v. Beneflux Corp., *supra*; Huber Baking Co. v. Stroehmann, *supra*.

The motion of defendant Hogan to dismiss is granted. The motion of defendant Borglum to dismiss is denied. Plaintiffs' motion for preliminary injunction as to both the State court eviction proceeding and the State court criminal proceeding is denied. Plaintiff's request that the court enjoin defendant Borglum from testifying in the criminal case in the event that the court should refuse to enjoin the pending criminal proceeding is also denied.

Submit order on notice.