**Sylvester K. STEVENS, Plaintiff-Appellant,**

v.

**Helen C. FRICK, Defendant-Appellee.**

**No. 261, Docket 30900.**

United States Court of Appeals
Second Circuit.

Argued Dec. 9, 1966.

Decided Feb. 1, 1967.

---

Simon H. Rifkind, New York City (Paul, Weiss, Rifkind, Wharton & Garrison, New York City, attorneys, Joseph H. Einstein and Ira B. Shepard, New York City, of counsel), for appellant.

David B. Buerger, Pittsburgh, Pa. (Milbank, Tweed, Hadley & McCloy, New York City, attorneys, William E. Jackson and A. Sidney Holderness, Jr., New York City, and James G. Park, James D. Morton and Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., of counsel), for appellee.

Before LUMBARD, Chief Judge and HAYS and FEINBERG, Circuit Judges.

HAYS, Circuit Judge.

Plaintiff, Sylvester K. Stevens, appeals from an order of the United States District Court for the Southern District of New York denying his motion for a preliminary injunction and granting the motion of defendant, Helen Clay Frick, to dismiss his complaint in an action to enjoin defendant Frick from prosecuting further a suit which she brought against plaintiff in the Court of Common Pleas of Cumberland County, Pennsylvania. The opinion of the district court is reported at 259 F.Supp. 654 (1966). We find that issuance of the injunction is precluded by the federal anti-injunction statute, 28 U.S.C. § 2283, and therefore affirm the order of the district court.

There is no dispute as to the facts. In December 1964, Stevens, a historian and author, published a 400-page one volume general history of Pennsylvania entitled Pennsylvania: Birthplace of a Nation. Miss Frick apparently received a copy of the book as a 1964 Christmas gift. There were three references in the book to her deceased father, Pennsylvania industrial magnate Henry Clay Frick, which Miss Frick believed were inaccurate and portrayed him unfairly. She wrote Stevens a letter of complaint. Later she commenced a suit in equity in the Court of Common Pleas of Cumberland County, Pennsylvania, alleging that the book contained false and defamatory statements about her father and seeking an injunc-

tion prohibiting Stevens from distributing or permitting others to distribute the book.[1]

Stevens answered the complaint on the merits and later moved to dismiss the Pennsylvania action on the ground that the injunction sought by Miss Frick would violate "the 1st and the 14th Amendments of the Federal Constitution * * * in that it violates the freedom of the press which is applicable to the State through the 14th Amendment and the cases thereto." The Pennsylvania court reserved decision on all substantive issues in the case, including this constitutional question[2] and its decision is still pending.[3] Stevens brought this action in the United States District Court for the Southern District of New York praying the Miss Frick be enjoined from prosecuting her Pennsylvania suit. He contends that the mere pendency of the Pennsylvania suit infringes his constitutional rights and obstructs distribution of his book. Plaintiff bases his claim to federal jurisdiction on 28 U.S.C. § 1343 (3), (4),[4] conferring jurisdiction on the federal courts to hear actions brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and on 28 U.S.C. § 1331,[5] defining the federal question jurisdiction of the federal courts.

The power of the federal courts to issue the injunction that Stevens seeks is narrowly limited by 28 U.S.C. § 2283 which provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Two principal grounds are advanced to support Stevens' contention that the statute is not a bar to the relief he seeks. It is argued first that Congressional authorization for the issuance of an injunction may be found in the Civil Rights Act of 1871, affording an injured party redress against any person who, "under color of any statute, ordinance, regulation, custom, or usage, of any State," has deprived him of his civil rights. 42 U.S. C. § 1983; see 28 U.S.C. § 1343(3). Secondly Stevens argues that Section 2283 establishes only a rule of comity and judicial discretion which must yield when necessary to preserve important constitutional rights.

I.

The Supreme Court has not decided whether the Civil Rights Act creates an exception to the "anti-injunction" statute

1. Although the complaint in the Cumberland County action alleges that Miss Frick "has unjustly suffered and will continue to suffer a loss of reputation and public esteem," she seeks no money damages.

2. The court made a ruling excluding secondary materials from evidence and, in general, limiting proof to eyewitness accounts and disinterested primary sources. Stevens contends that this ruling prejudices his defense to the action.

3. The New York Times of January 12, 1967 reported that the Pennsylvania judge hearing the case had indicated that an opinion would probably be handed down within two months. N. Y. Times, Jan. 12, 1967, p. 43 col. 4.

4. § 1343. Civil rights and elective franchise.
    The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

* * * * *
    (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
    (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

5. § 1331. Federal question; amount in controversy; costs.
    (a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

and empowers the federal courts to restrain pending state proceedings which violate rights protected by the Act. See Dombrowski v. Pfister, 380 U.S. 479, 484 n. 2, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Cameron v. Johnson, 381 U.S. 741, 85 S. Ct. 1751, 14 L.Ed.2d 715 (1965). There is some conflict among those federal courts which have considered the issue. See authorities cited in Studebaker Corp. v. Gittlin, 360 F.2d 692, 697 & n. 4 (2d Cir. 1966); Baines v. City of Danville, 337 F.2d 579, 587–593 (4th Cir. 1964), cert. denied sub/nom. Chase v. McCain, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702 (1965); Note, Developments in the Law—Injunctions, 78 Harv.L.Rev. 994, 1051 (1965).

However, we find it unnecessary to pass on this question since Stevens has failed to show that he has a claim cognizable under the Civil Rights Act. "In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." United States v. Price, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 1157, 16 L.Ed. 267 (1966) (citing cases); cf. Douglas v. City of Jeannette, 319 U.S. 157, 161–162, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). Such state action is lacking here.

Citing Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), Stevens argues that the requisite state action is present because Pennsylvania has provided a forum for the Frick lawsuit, he was served with process by a state officer, and he will be punished by the state if he violates any injunction which the state court may ultimately issue. While Shelley v. Kraemer does establish that the action of state courts may constitute state action for purposes of the Fourteenth Amendment and thus may give rise to a claim under the Civil Rights Act of 1871, the state judicial action involved in *Shelley* is readily distinguishable from that presented here. In *Shelley* the state courts, following a settled line of state decisions, had enforced racially restrictive covenants in deeds. The state had thus provided "the full coercive power of government to deny to petitioners, on the grounds of race or color, the enjoyment of property rights in premises which petitioners [were] willing and financially able to acquire and which the grantors [were] willing to sell. The difference between judicial enforcement and nonenforcement of the restrictive covenants [was] the difference to petitioners between being denied rights of property available to other members of the community and being accorded full enjoyment of those rights on an equal footing." 334 U.S. at 19, 68 S.Ct. at 845.

By contrast, in this case no order or judgment has been entered under which the power of the state is invoked to suppress the Stevens book, nor is there any Pennsylvania statute or case which authorizes the imposition of unconstitutional restraints on freedom of the press. Indeed, the Pennsylvania constitution itself guarantees this freedom. Pa. Const., Art. I, § 7 PS. Thus far Pennsylvania has merely provided a forum to determine the rights of the parties. Both logic and precedent suggest that merely by holding its courts open to litigation of complaints, regardless of how baseless they eventually prove to be, Pennsylvania does not clothe persons who use its judicial processes with the authority of the state in the sense that Stevens suggests. See Bottone v. Lindsley, 170 F.2d 705 (10th Cir. 1948), cert. denied, 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101 (1949); Skolnick v. Martin, 317 F.2d 855, 857 (7th Cir.), cert. denied, 375 U.S. 908, 84 S.Ct. 199, 11 L.Ed.2d 146 (1963); Skolnick v. Spolar, 317 F.2d 857 (7th Cir.), cert. denied, 375 U.S. 904, 84 S.Ct. 195, 11 L.Ed.2d 145 (1963).

II.

Stevens contends that even if he has not stated a claim under the Civil Rights Act, his complaint presents a federal question which the federal courts have jurisdiction to hear under 28 U.S.C. § 1331. He argues that Section 2283 establishes only a rule of comity or judi-

cial discretion and must yield in any case where the pendency of a state proceeding invades *constitutional rights.*

■ We do not believe that Section 2283 is so limited. See Amalgamated Clothing Workers v. Richman Brothers Co., 348 U.S. 511, 514, 75 S.Ct. 452, 99 L.Ed. 600 (1955); Toucey v. New York Life Insurance Co., 314 U.S. 118, 132–34, 62 S.Ct. 139, 86 L.Ed. 100 (1941). But in any event considerations of comity weigh heavily against the issuance of an injunction in this case. The Pennsylvania action has been pending for over two years, a decision is apparently near. Stevens will have a right to appellate review after a judgment is entered and there is no reason to believe that the Pennsylvania courts, and if necessary the United States Supreme Court, cannot or will not protect his constitutional rights. See Douglas v. City of Jeannette, supra, 319 U.S. at 165, 63 S.Ct. 877; cf. City of Greenwood v. Peacock, 384 U.S. 808, 828, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); Comment, 65 Colum.L.Rev. 647, 648–51 (1965).

Stevens has failed to show that the mere pendency of the Frick lawsuit is causing him irreparable injury by "seriously inhibiting the exercise of protected freedoms." Dombrowski v. Pfister, supra, 380 U.S. at 489, 85 S.Ct. at 1122. There is no evidence of any interference with Stevens' rights, with the distribution of his book or with the public's right to read. Indeed, there is no indication that the pendency of the Frick suit has had any greater effect on First Amendment rights than would the pendency of a constitutionally permissible libel action.[6] In the *Dombrowski* case, on which Stevens relies, there was a pattern of official harassment, arrests and threatened prosecutions under an overly broad criminal statute which constituted a serious interference with the exercise of First Amendment rights. The pendency of Miss Frick's civil action in Pennsylvania presents an entirely different situation.

The order denying a preliminary injunction and dismissing the complaint is affirmed.

---

6. We do not mean to express any opinion as to the constitutionality of the injunction which Miss Frick seeks in Pennsylvania.