**Duane LARKIN, Plaintiff,**

v.

**Mary Carpenter BRUCE, Defendant.**

**No. 72–C–432.**

United States District Court,
E. D. Wisconsin.

Nov. 22, 1972.

See also D.C., 346 F.Supp. 1065.

Samson, Friebert, Sutton & Finerty, by Robert H. Friebert, Milwaukee, Wis., for plaintiff.

Borgelt, Powell, Peterson & Frauen, by Roger S. Bessey, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff filed this action pursuant to 42 U.S.C. § 1983 to enjoin the defendant from proceeding in a state public nuisance action against him, and to recover damages. Jurisdiction is claimed under 28 U.S.C. § 1343. The defendant has moved to dismiss the action, alleging that the complaint fails to state a claim for which relief may be granted.

The plaintiff is a physician licensed to practice in the state of Wisconsin. He asserts a right to "engage in the administration of medical treatment to pregnant women in accordance to law including abortions of unborn, unquick feti." The defendant is a private citizen who has instituted a public nuisance action in state court pursuant to § 280.02 Wis. Stats. to enjoin the plaintiff from "continuously, openly, publicly, repeatedly, persistently and intentionally violating a public statute, namely sections 940.04(1), (2), (3), and (4), Wisconsin Statutes." Section 940.04 is Wisconsin's abortion statute.

The defendant correctly points out that the elements of a claim under § 1983 are (1) a deprivation of rights, privileges, or immunities secured by the constitution and laws of the United States and (2) causation of such deprivation by a person acting under color of state law. The defendant contends, however, that these elements are not met here because the plaintiff has no standing to challenge the state abortion statute and because the defendant is not acting under color of state law.

Whether the plaintiff has standing to challenge the abortion statute is irrelevant, for he is not attempting to do so. Rather, he is relying on the fact that §§ 940.04(1) and (5), the subsections which cover abortions of unquickened feti and the limitations on therapeutic abortions, have already been adjudged invalid. Babbitz v. McCann, 310 F.Supp. 293 (E.D.Wis. 1970); Harling v. Department of Health & Social Services, 323 F.Supp. 899 (E.D.Wis. 1971). Dr. Larkin is asserting a constitutional right to practice medicine and alleging a deprivation of that right. The defendant does not deny that the abortion of unquickened feti is a valid medical procedure and, hence, a part of the practice of medicine.

Rather, she relies on the state's attempt statutorily to designate certain conduct as criminal—conduct which would otherwise be appropriate in the plaintiff's practice of his profession. Indeed, her public nuisance action depends entirely on the abortion statute.

The fourteenth amendment guarantees an individual the right to engage "in any of the common occupations of life." Meyer v. Nebraska, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923). See also Board of Regents v. Roth, 408 U.S. 564, 572, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Since *Babbitz* invalidated the applicable sections of the state abortion law, the abortion of an unquickened fetus in accordance with established medical standards would appear to be within the protection afforded to the pursuit of the vocation of medicine. There only remains for consideration whether the defendant's action is under color of state law.

Section 280.02 of the Wisconsin Statutes provides, in part:

"An action to enjoin a public nuisance may be commenced and prosecuted *in the name of the state,* either by the attorney-general . . . or upon the relation of a private individual, or a county, *having first obtained leave therefor from the court."* (Emphasis added.)

This is more than a provision of the machinery and forum for "the hearing of private disputes." Stevens v. Frick, 372 F.2d 378 (2nd Cir. 1967), cert. denied 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 973 (1967). The private individual secures consent from a state court, acts in the place of the Attorney General, and proceeds in the name of the state. The supreme court of Wisconsin has described § 280.02 as authorizing "a private person to institute an action by the state in the public interest." State ex rel. Cowie v. LaCrosse Theaters Co., 232 Wis. 153, 157, 286 N.W. 707, 709 (1939). There can be little doubt that the defendant is acting under color of state law in the public nuisance proceedings.

I find, therefore, that the plaintiff's complaint does state a claim for which relief may be granted. I do not express any opinion as to the propriety of various types of relief, for that issue has not been squarely presented by this motion. Furthermore, the fact that all proceedings have now been stayed in the state court public nuisance action obviates the necessity for any present action by this court.

Therefore, it is ordered that the defendant's motion to dismiss this action be and hereby is denied.