**Miles S. FIRNHABER, Plaintiff,**

v.

**F. James SENSENBRENNER, Jr., Defendant.**

**No. 74-C-310.**

United States District Court, E. D. Wisconsin.

Dec. 4, 1974.

Miles S. Firnhaber, pro se.

Richard A. Kranitz, McKay, Martin & Kranitz, Cedarburg, Wis., for defendant.

## MEMORANDUM

WARREN, District Judge.

### I. FACTUAL BACKGROUND

From the pleadings and records before this Court, it appears that the series of events culminating in this lawsuit began when a campaign letter was written by the defendant F. James Sensenbrenner, then the Wisconsin State Representative for the 10th District and a member of the Republican Assembly Campaign Committee. The letter, dated December 12, 1973, extols the virtues of a State Assembly dominated by Republican representatives and requests campaign contributions to assist the Republican Par-

ty. The letter was mailed to some 3,500 of Sensenbrenner's constituents, including the plaintiff, Miles Firnhaber.

Upon his receipt of the December 12 letter, Firnhaber apparently decided to respond by creating a publication of his own. To that end, he prepared a single page handbill consisting of both a reproduction of the Sensenbrenner letter and an article from the Milwaukee Sentinel of January 11, 1974 wherein it was reported that he was suing Sensenbrenner for over a million dollars.

Sensenbrenner became aware of Firnhaber's plans and through his attorney, Richard Kranitz, immediately commenced an action in Waukesha County Circuit Court in an attempt to enjoin the distribution of the Firnhaber response; on Sensenbrenner's motion, that court issued a temporary restraining order against Firnhaber. See Sensenbrenner v. Firnhaber, Case No. 32467, Waukesha County Circuit Court (Decision filed June 27, 1974).

Shortly after the issuance of that restraining order, Firnhaber was able to obtain an order dissolving the temporary restraint; he thereafter filed a counterclaim in the state court action wherein he sought a judgment against Sensenbrenner in the sum of $30,000. As a basis for his recovery, Firnhaber alleged that the initial restraining order was sought and imposed in violation of various constitutional protections. On June 27, 1974, after a hearing on the merits, the state court entered a decision which dismissed both the complaint and counterclaim in that case. Sensenbrenner v. Firnhaber, *supra.* The record presented here indicates no attempt by either party to file amended pleadings there, or to appeal the decisions of the Waukesha County Circuit Court.

Instead of filing amended pleadings or pursuing his remedy through the Wisconsin appellate courts, Firnhaber's response to the dismissal of his counterclaim was to file an action against Sensenbrenner in this Court. Appearing pro se, Firnhaber urges that this Court should render a judgment against Sensenbrenner, again in the sum of $30,000, based upon Sensenbrenner's part in securing the temporary restraining order against the distribution of his leaflet. Firnhaber here as there alleges that the restraining order was sought and imposed in violation of his rights under the First Amendment. The complaint, filed July 23, 1974, states that jurisdiction is conferred upon this Court in that regard ". . . by the provisions of Chapter 21 [sic] of the U.S.C.A., and particularly Sections 1983 and 1984 . . . ."

## II. DEFENDANT'S MOTION TO DISMISS

On August 28, 1974, Sensenbrenner, through his attorney Richard A. Kranitz, responded to Firnhaber's complaint here by means of a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. On his August 28 motion, Sensenbrenner argues that the complaint fails to state a claim upon which relief can be granted, that all questions and issues raised herein have been finally determined by means of the prior state court action, and that the alleged federal questions herein presented are frivolous and insubstantial. Because these allegations, if proven, would effect a dismissal of the action prior to any consideration of the merits of the claims set forth in the complaint, the Court will consider these contentions at the outset. For the reasons herein articulated, the Court is of the opinion that the action should be dismissed at this time.

### (a) *Plaintiff's Failure to Respond to the Motion to Dismiss*

The Court has noted the motion to dismiss here at issue was filed by the defendant on August 28, 1974; under the provisions of Rule 6, Local Rules of the United States Court for the Eastern District of Wisconsin, the plaintiff was to have 14 days from the receipt of the motion to file answering briefs and affidavits. To date, the record indicates no substantive response whatsoever on the

part of the plaintiff, and no petition to this Court for an extension of time in this regard.

The Court is cognizant of the general theory that parties proceeding "pro se" are to be accorded liberal treatment when they attempt to grapple with the intricacies of federal practice. See, e. g. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and Bricker v. Sceva Speare Memorial Hospital, 339 F.Supp. 234 (D.N.H., 1972). Nonetheless, the Court is of the opinion that because of the substantial delay presented in this case, especially in light of the repeated requests for substantive response that have been filed by defendant's counsel, the terms of Local Rule 6 should be invoked against the plaintiff. The failure of that party to file a timely answering brief is hereby deemed a waiver of the right to file it.

The Court did receive a letter "furnishing" various "facts," signed by the plaintiff and dated November 22, 1974; while the letter in no way resembles the substantive legal brief that would be required to deal with the rather complicated issues presented here, the letter has been taken into consideration in the preparation of this order and memorandum. The Court might add that the two-sentence memorandum of points and authorities filed by the defendant in support of his August 28 motion to dismiss is itself sadly deficient in terms of what this Court would expect from a member of the Bar, considering the complexity of the issues herein.

Despite these inadequacies, however, the Court is of the opinion that the record as it now stands is sufficient to allow the Court to proceed to rule on defendant's motion to dismiss.

### (b) *Jurisdiction*

Federal district courts have jurisdiction to determine actions to redress the deprivation of any right, privilege or immunity secured by the federal constitution or any Act of Congress providing for the equal rights of citizens, when such deprivations are effected under color of state law, statute, custom, ordinance, regulation, or usage. 28 U.S.C. § 1343, 42 U.S.C. § 1983; See e. g. Henry v. First National Bank of Clarksdale, 444 F.2d 1300 (5th Cir. 1971). The Court will assume that the plaintiff proceeds under these provisions of the United States Code, and not "Chapter 21 of the U.S.C.A." as is stated in his complaint.

It is generally thought that to state a legitimate claim under these statutes, a plaintiff must show (1) a deprivation of rights, privileges or immunities secured by the constitution and laws of the United States, and (2) causation of such deprivation by a person acting under color of state law. See, e. g., Larkin v. Bruce, 352 F.Supp. 1076 (E.D.Wis., 1972). The Court notes that a serious question is presented as to whether the latter of these elements is satisfied here.

While it seems clear that plaintiff's allegations of infringement of his First Amendment protections of freedom of speech and press do in fact constitute allegations of deprivations of rights and privileges secured by the Constitution of the United States, it is not clear that this case presents the state action or conduct under color of state law required to entitle the plaintiff to proceed under 42 U.S.C. § 1983. Since the basis for recovery can be no broader than the right that is secured by the Constitution, a plaintiff proceeding under § 1983 must show state action sufficient to invoke the provisions of the Fourteenth Amendment, through which the First Amendment is applicable to the states. See, United States v. Price, 383 U.S. 787, 794 at note 7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

In the case at bar, the plaintiff maintains that the requisite state action is present in regard to the conduct of the individual defendant Sensenbrenner in that during the prior civil action between the parties in state court Sensenbrenner caused his attorney to file a mo-

tion resulting in the Court's issuance of a temporary restraining order that restricted the distribution of the plaintiff's political material for a brief period of time. Although the plaintiff was able to obtain another court order dissolving the temporary restraining order shortly after its imposition, he claims that the fact that such restraint occurred at all warrants a judgment in his favor to the extent of $30,000. The Court cannot agree.

Initially, the Court would note that it is unclear that such limited activity on the part of a state court can ever constitute "state action" for purposes of the Fourteenth Amendment and 42 U.S.C. § 1983. This is hardly more than a provision of the machinery and forum for the hearing of private disputes, which is generally thought to be insufficient to constitute state action. Stevens v. Frick, 372 F.2d 378 (2d Cir., 1967), cert. denied 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 973 (1967). Cf: Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L. Ed. 1161 (1948), as discussed in Henry v. First National Bank of Clarksdale, *supra*, 444 F.2d at p. 1308 et seq.

█ Even if the Court were to assume that such minimal state court functioning does constitute state action for purposes of § 1983, the facts set forth here cannot sustain a finding that this defendant, who merely petitioned the state court for such relief, was himself engaging in state action or proceeding under color of state law. See Drexler v. Walters, 290 F.Supp. 150, 155 (D. Minn.1968) (plaintiff in a prior divorce action wherein the court took affirmative action against the defendant held ". . . clearly . . . not a state officer or acting under color of any statute . . . of any state").

This situation is a far cry from the case where a private party is working in close association with the public official who exerts the coercive influence of the state upon the complaining party; it is nowhere alleged, nor would the facts as presented support a claim that the defendant acted in conspiracy with a state official against whom the plaintiff does or can state a valid claim under 42 U.S. C. § 1983. See Haldane v. Chagnon, 345 F.2d 601 (9th Cir., 1965). The case at bar is clearly distinguishable from the situation in Larkin v. Bruce, 352 F. Supp. 1076 (E.D.Wis., 1972); there Judge Gordon found that a private plaintiff had been acting under color of state law where he brought suit for an injunction under a state statute which not only specifically substituted the private plaintiff for the state authority; but also had been construed as authorizing a private person to institute an action by the state in the public interest. Here we find the prior state court injunction motion supported by no such statute or judicial interpretation. Based on these considerations, the Court must conclude that no jurisdiction lies under § 1983; the case lacks element of state action, or action under color of state law, required in a case arising under 42 U.S. C. § 1983.

#### (c) *The Substantiality of the Claim, and the Defense of Res Judicata*

In addition to the state action argument set out above, the defendant urges that the complaint at issue here should be dismissed in that it fails to state a substantial constitutional deprivation, and in that all issues herein presented have been finally determined between these parties by the prior state court action in which they were involved.

The Court is aware of the fact that certain federal courts have expressed the view that trivial constitutional deprivations do not rise to the level of those cognizable in an action under 42 U.S.C. § 1983; see, *e. g.*, Wells v. Ward, 470 F.2d 1185 (10th Cir., 1972); 1 A.L.R. Fed. 532, 533, (trivial errors in arrest procedures). While the existence of state court remedies have no bearing on the substantiality of the federal claim, where as here the plaintiff may have a remedy under state law for the harms about which he complains, some courts have been more strict in regard to the

showing required to maintain an action under § 1983, Wells v. Ward, *supra*. The Court notes that under Wisconsin law, the plaintiff here may well have a right to recovery under theories of malicious prosecution or abuse of process. See Novick v. Becker, 4 Wis.2d 432, 90 N.W.2d 620 (1958).

The Court is also concerned that litigants have but one opportunity to present their claims in regard to a certain cause of action; Chief Judge Reynolds has undertaken to reconcile various Wisconsin cases in regard to the res judicata effect of dismissals for failure to state a claim, and the matter is clearly a legitimate concern of this Court. See Dodge v. Carri-Craft, Inc., Division of Wisconsin Tanktainer, Inc., 332 F. Supp. 651 (E.D.Wis., 1971).

Despite defendant's contentions, however, the Court finds that it would be improper to address these issues at this time: in view of the foregoing decision that jurisdiction does not lie under 42 U.S.C. § 1983, consideration of those claims is now unnecessary for the disposition of this case.

## III. THE PLAINTIFF'S MOTION FOR RECUSAL

In his letter of November 22, the plaintiff includes an "Affidavit of Prejudice" wherein he recites various factual allegations and requests this Court to transfer this action to another federal judge. Because the precise nature of the plaintiff's argument is not made clear by his affidavit, the Court will construe it liberally and consider it to be a motion for recusal, such being the proper plea here. 28 U.S.C. §§ 144, 455.

To the extent that the factual bases of this motion concern certain activities undertaken by this Court prior to appointment to the federal bench, in its capacity as the Attorney General of Wisconsin, the Court will deem the motion for recusal to be based on 28 U.S.C. § 455. It seems to be argued that because the office of the Wisconsin Attorney General was involved with the Village of Merton when the Village brought an action under the Wisconsin anti-pollution laws against Sealtite Insulation Manufacturing Corp., a concern with which the plaintiff is closely identified, the Court is now sufficiently related to the parties to this case to render it improper for the Court to rule on the questions raised herein. See 28 U.S.C. § 455. The Court does not agree, and will not withdraw from this case for that reason.

The Court is aware of the general theory that the disqualification rule of 28 U.S.C. § 455 requires mandatory withdrawal where the presiding judge has been "of counsel" in the same case, United States v. Amerine, 411 F.2d 1130 (6th Cir., 1969); the simple fact is however that that case is not this case. For that reason alone recusal is not required. See In re Grand Jury Investigation, 486 F.2d 1013 (3d Cir., 1973).

The prior case, in which the allegedly impermissible involvement occurred, was one of thousands of such cases over which the Court exercised general supervisory power as Wisconsin Attorney General; the issues of that prior case in no way relate to the issues presented here. Furthermore, contacts less attenuated than those resulting as to the parties here have been held insufficient to justify recusal. See, *e. g.*, United States v. Seiffert, 501 F.2d 974 (5th Cir., 1974) (Court's prior involvement as counsel to bankrupt's creditors does not require withdrawal from criminal prosecution of the bankrupt); United States v. Wilson, 426 F.2d 268 (6th Cir., 1970). See generally, 2B Barron & Holtzoff, Federal Practice and Procedure § 902 (Wright ed., 1961).

The affidavit, as noted heretofore, is unclear as to the statutory basis for the requested withdrawal of this Court. To the extent that it is alleged that the Court entertains a personal bias in favor of the defendant, the claim arises under 28 U.S.C. § 144.

The plaintiff seems to argue that because this Court enjoys a personal friendship with an associate of the

defendant, it is so biased in favor of the defendant that recusal is required under the provisions of 28 U.S.C. § 144. If this were the appropriate standard for determining when recusal is necessary, either very few cases could be heard by the federal judiciary, or federal judges would be rendered hermits upon their appointment. 2B Barron & Holtzoff, supra; Broome v. Simon, 255 F.Supp. 434, 438 (W.D.La., 1965). The allegations of the affidavit, even if accepted as true without the certificate of good faith required by the terms of § 144, are legally insufficient to warrant or require recusal. See, e. g., Town of East Haven v. Eastern Airlines, Inc., et al., 293 F.Supp. 184 (D.Conn., 1968); 304 F.Supp. 1223 (D.Conn., 1969). The absence of the above-described certificate of good faith may be a fatal defect in the § 144 motion in and of itself.

█ Where a Court finds the factual allegations supporting a motion for recusal under § 144 to be legally insufficient, there arises a duty on the part of the judge to continue in the case. See, e. g., United States v. Sclafani, 487 F.2d 245 (2d Cir., 1973), cases cited at p. 255, cert. denied, 414 U.S. 1023, 94 S.Ct. 445, 38 L.Ed.2d 313 (1973).

Whether the factual allegations of the plaintiff's "Affidavit of Prejudice" were meant to state a claim under 28 U.S.C. § 144 or under § 455, the Court finds that the record indicates no sufficient basis for withdrawal. Plaintiff's motion for recusal is hereby denied.

## IV.   CONCLUSION

For the reasons set forth in that portion of the memorandum dealing with jurisdiction under 42 U.S.C. § 1983, the Court finds that this case fails to present conduct on the part of the defendant sufficient to constitute state action, or action under color of state law. In that this is an integral aspect of jurisdiction under § 1983, the complaint must be and hereby is dismissed; Rule 12(b), Federal Rules of Civil Procedure.