**Philip J. HIRSCHKOP**

v.

**VIRGINIA STATE BAR ASSOCIATION et al.**

**Civ. A. No. 74–0243–R.**

United States District Court, E. D. Virginia, Richmond Division.

Nov. 26, 1975.

Philip J. Hirschkop, pro se.

Richard Shadyac, Annandale, Va., Jeremiah S. Gutman, New York City, for plaintiff.

Anthony F. Troy, Asst. Atty. Gen. of Va., Henry M. Massie, Jr., John W. Riely, James E. Farnham, Jack E. McClard, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

This matter is before the Court on plaintiff Philip J. Hirschkop's motion, filed on 24 November 1975, for disqualification of the presiding judge in the above styled action.[1]

1. *MOTION FOR DISQUALIFICATION.* Comes now Philip J. Hirschkop, by counsel, and moves this Court to disqualify itself from further presiding over the above matter. In support whereof, plaintiff states as follows:

1. This case is attacking the secrecy with which the law shrouds its proceedings. The public good is contrary to such secrecy. However, at every stage of these proceedings, the Court has protected this secrecy to the benefit of the defendants and the detriment of both the public and plaintiff. In this regard, this matter was filed in May of 1974, approximately one and a half years ago. Yet, plaintiff has

never argued anything in open court. This Court has denied such hearings repeatedly. This Court has sealed the discovery material. This Court has imposed undue gag orders on counsel. This Court has entered orders accusing plaintiff's counsel of improprieties without giving counsel opportunity to be heard. In fact, the actions of this Court are consonant with those procedures complained of in this litigation. Plaintiff believes these overall actions of the court have materially prejudiced this case already and are improper and deprive this case of any freedom from appearance of impropriety as proscribed by the Canons of Judicial Ethics.

2. Plaintiff believes the Court is personally familiar with numerous persons directly involved as witnesses in this matter and plaintiff believes that it will be difficult for the Court simply by virtue of his familiarity with numerous witnesses to approach their testimony with an impartial perspective.

3. Upon information and belief, the Court's former law partner was a member of a District Grievance Committee. Accordingly, plaintiff believes that the Court has prior knowledge with the workings of Grievance Committees and may have, by virtue of his knowledge, a tendency to accept as proper and status quo, some of the very actions of the type complained of in this lawsuit.

4. Mills E. Godwin, Jr., Governor of the State of Virginia, has a long declared and well-documentable antipathy towards plaintiff and is involved in one of the major incidents related to this matter. Upon information and belief, the presiding Judge, who bears the same political affiliation and philosophy as Governor Godwin, was approved for appointment to the Federal Judiciary by Governor Godwin.

5. It became apparent during the course of discovery that the defendants had at one time specially hired private investigators to look into the background of plaintiff. When initially disclosed to the Court, the Court voiced a reaction that it saw nothing improper with that activity. The Court voiced this reaction even though it is readily apparent that grievance proceedings are to be secret, that members of the Grievance Committee have full subpoena power and investigatory power to acquire all necessary information to pursue grievances, and that accordingly there is a strong inference that private investigators would be used to dig up information of a personal nature not properly part of the grievance procedures.

6. Despite the fact that the previous District Court assigned to the case concluded that the Justices of the Virginia Supreme Court were proper parties to this litigation, the instant presiding Judge has on numerous occasions expressed great reluctance over the presence of said Justices in this matter and has shown undue deference to said Supreme Court Justices to the point of insisting on numerous occasions that he would prefer their dismissal.

7. When Senator John J. Wicker, Jr. openly flouted the process of this Court on a technicality, that is, the absence of the phrase "Junior" upon the subpoena served on him, the Court chose to overlook the flouting of the Court's authority and to the contrary ultimately entered an order at Mr. Wicker's insistence without a hearing which order states that plaintiff misrepresented facts to the Court. Said order was entered despite the fact that it is apparent no such misrepresentation was made and that Senator Wicker himself was playing games with the Court. With regard to this matter, in discussion, the Court indicated in chambers that it would show deference to Mr. Wicker's age in dealing with his patent flouting of the Court's authority.

8. The Court imposed a gag order upon plaintiff which exceeds the Court's own powers under Local Rule 8. Said gag order had the effect of prejudging the issues of this case which would relate directly to the constitutionality of such orders and enforcing by contempt power the very regulations which are being challenged in this lawsuit. Further, the order adds potential contempt sanctions to the canons against plaintiff to which other members of the Bar in Virginia are not subject.

9. The Court sealed the records of this matter from the public and the press. Upon information and belief, said order was entered to avoid embarrassment to the defendants which would flow from the public disclosure of the illegal practices of the defendants in this matter.

10. The presiding Judge to whom this case was initially assigned, the Honorable Robert R. Merhige, Jr., recused himself because of his knowledge of various parties and witnesses involved. Similarly, the Honorable J. Calvitt Clarke, another Federal Judge of this District may be a witness to these proceedings as he, upon information and belief, was involved in and investigated one of the grievance complaints which is the subject of this litigation. Similarly, contact was made by the defendants with the Honorable Walter E. Hoffman, the past Chief Judge of this District, over one of the events with which this complaint is concerned. It is anticipated that Judge Hoffman will be a witness in this matter. Because of the closeness of the various District Court judges in this District to the witnesses and events concerned in this lawsuit, which closeness is evidenced by Judge Merhige's self-disqualification, plaintiff believes that he cannot get a trial free from impropriety or the appearance of impropriety from another Judge in the same District as these Judges.

11. Lastly, the presiding Judge was, practically speaking, a member of the class that plaintiff complains are granted preferred status under the rules attacked herein. Plaintiff has repeatedly asserted that the Bar has pursued him, while allowing Commonwealth's Attorneys and city and county attorneys among others to freely comment upon litigation. Upon information and belief, the presiding

The Court notes that plaintiff has failed to comply with the Local Rules of Practice, Rule 11, in that no brief in support of the instant motion was filed. On this basis alone, the Court need not consider it. The Court waives this requirement.

Moreover, no statutory or other authority is alleged in the motion, but the Court assumes plaintiff is proceeding under 28 U.S.C. §§ 144 and 455 which state in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than 10 days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied a certificate of counsel of record stating that it is made in good faith. *Id.* § 144.
> (a) Any . . . judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself . . . (1) Where he has personal bias or prejudice concerning a party . . . *Id.* § 455.[2]

■ As to the assumed section 144 contention, the Court observes that a "timely and sufficient affidavit" must be filed. An affidavit has been construed to be untimely "if the affiant after knowledge of the facts showing the supposed bias, has invoked or sought to invoke the Courts' affirmative action in his behalf before filing the affidavit." Baron and Holtzoff, Federal Practice and Proceeding § 902 (Ed. Wright 1971); *Skirvin v. Mesta*, 141 F.2d 668 (10th Cir. 1944). *Also see, Wounded Knee Legal Defense/Offense Committee v. Federal Bureau of Investigation*, 507 F.2d 1281 (8th Cir. 1974); *Wyant v. Brennan*, 85 F.2d 920 (4th Cir. 1936); *Chafin v. United States*, 5 F.2d 592 (4th Cir. 1925). Here all the alleged acts were known or knowable, if true, with due diligence from the public record or otherwise except for the Wicker incident alleged. Affirmative relief was sought from the Court with respect to the Wicker incident as late as 18 November 1975. Thus, all allegations involving prior incidents or a preexisting status were not timely made.

■■ The Wicker incident itself cannot afford a basis for disqualification since it was a judicial act. In order to justify disqualification the bias and prejudice must arise from an extrajudicial source and result in an opinion on some basis other than what the judge learned from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *Pfizer Inc. v. Lord*, 456 F.2d 532 (8th Cir. 1972), *certiorari denied* 406 U.S. 976, 92 S.Ct. 2411, 32 L.Ed.2d 676 (1972).

■ An affidavit to be sufficient must follow the format outlined in the statute and alleged facts legally sufficient to show personal bias and prejudice. *See United States v. Partin*, 312 F.Supp. 1355 (D.C.La.1970). The affidavit filed herein fails on both counts.

■ The affidavit is not accompanied by "a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144, *supra*. Though plaintiff is, himself, counsel of record, nevertheless no such certification was made by plaintiff in either capacity. See, *Flegenheimer v. United States*, 110 F.2d 379 (3rd Cir. 1936); *Town of East Haven v.*

Judge was a city attorney during pertinent times in this lawsuit. . . .

**2.** The larger part of 28 U.S.C. § 455 has been omitted from the above quote and will not be dealt with herein because the omitted part on its face does not even remotely connect up with the allegations of the motion.

*Eastern Airlines, Inc.*, 293 F.Supp. 184 (D.Conn.1969); *also Freed v. Inland Empire Ins. Co.*, 174 F.Supp. 458 (D.Utah 1959).

██ With regard to the legal sufficiency, the affidavit, accepted as true, must clearly delineate circumstances showing personal bias or prejudice. *See United States v. Beneke*, 317 F.Supp. 1326 (D.C.Minn.1970), *affd.*, 449 F.2d 1259 (8th Cir. 1971). Neither in the affidavit nor motion is there any allegation that meets this requirement. Allegations numbered 1, 5, 6, 7, 8, 9 are all related to actions taken or statements made during the course of the instant judicial proceeding which as a matter of law are inadequate for recusation. *United States v. Grinnell, supra; Pfizer, Inc. v. Lord, supra; United States v. Mitchell*, 377 F.Supp. 1312 (D.C.Dist.Col. 1974).

██ Allegations numbered 2 and 10 state that the Court is personally familiar with numerous persons directly involved as witnesses in the case and thus, it will be difficult for it to approach their testimony with an impartial perspective. The fact, however, that the Court may be personally familiar, or even friends, with potential witnesses does not make him predisposed in favor of them to the point where recusal is required. If such familiarity, or friendship, were an appropriate standard for determining when recusal is necessary, either very few cases could be heard by the federal judiciary or, "federal judges would be rendered hermits upon their appointment." *Firnharber v. Sensenbrenner*, 385 F.Supp. 406 (D.C.Wis.1974). More pertinently, such familiarity with witnesses is not and does not even imply "personal bias or prejudice" against or for a party.

██ Allegation number 3 says that the Court may have knowledge of the workings of the Grievance Committee which are a part of the subject of the instant cause. To suggest that general knowledge about practices or procedures which are the subject matter of a cause produces personal bias or prejudice is simply incredible.

The Court further submits that allegation number 4, suggesting an extremely tenuous connection with a man purportedly at odds with plaintiff, is patently without merit. The reasoning and authority advanced relative to allegations numbered 2 and 10 *a fortiori* are applicable here.

Lastly, allegation number 11 recites that the Court *was* a member of the class, city attorneys, that plaintiff complains gets preferential treatment under the rules attacked herein. In response the Court refers plaintiff to *Antonello v. Wunsch*, 500 F.2d 1260 (10 Cir. 1974). This case held that, in an action attacking the date established by the state Supreme Court for abolition of the doctrine of sovereign immunity, the fact that the judge had been a member of the state Supreme Court at the time such state court ruling was made and had voted with the majority, was not a ground for disqualification. The facts of the *Wunsch* case are sufficiently analogous to corroborate this Court's independent conclusion that allegation number 11, whatever it is supposed to show, certainly does not show personal bias or prejudice.

██ With respect to the assumed section 455 contention the Court reiterates that bias or prejudice has not been shown, nor even the appearance of the same. What in essence is a generalized affidavit that the Judge is an "Establishment" person and the plaintiff is an "Anti-establishment" person, even if accepted as true for this motion, cannot override the Court's duty to sit. *Baskin v. Brown*, 174 F.2d 391 (4th Cir. 1949); *Bradley v. School Board*, 324 F.Supp. 439 (E.D.Va.1971). Indeed, the affidavit may be sufficient to show that plaintiff is not satisfied with the presiding judge, but it gives no basis upon which there could be a rational finding that the Judge has any enmity whatsoever against any party.

For the aforesaid reasons the Court finds that its duty to sit overrides the opportunity afforded by the motion to step aside and let some other judge bear the burden. *See Baskin v. Brown, supra; Bradley v. School Board, supra.*

An appropriate order shall issue.