**Randall Grady DENNIS, Plaintiff,**

v.

**H. Ken HEIN, Individually, d/b/a Econo-Car of Columbia, and as agent for all of the corporate defendants hereinafter named, et al., Defendants.**

**Civ. A. No. 75–1138.**

United States District Court,
D. South Carolina,
Columbia Division.

April 19, 1976.

David J. Cooper, Jr., of Edens & Cooper and Calvo, Lee, Whitener & Graves, Columbia, S. C., for plaintiff.

Henry W. Kirkland of Kirkland, Aaron & Alley and Frank K. Sloan, Columbia, S. C., for H. Ken Hein, individually, d/b/a Econo-Car of Columbia and Columbia Leasing, Inc.

John U. Bell, III, of Nelson, Mullins, Grier & Scarborough, Columbia, S. C., for U-Haul Co. of S. C., Inc., U-Haul Co., and Amerco, Inc.

Hoover C. Blanton of Whaley, McCutchen & Blanton, Columbia, S. C., for Econo-Car Intern., Inc.

### ORDER GRANTING MOTION TO DISMISS BY DEFENDANT ECONO-CAR INTERNATIONAL, INC.

HEMPHILL, District Judge.

This action arose out of a dispute concerning payment for the use of a truck rented by plaintiff from defendant Hein's leasing operation, Econo-Car of Columbia. Plaintiff admittedly failed to pay the amount allegedly due because he considered it incorrect. According to the complaint, however, Hein attempted to coerce payment of the disputed amount by appearing before Richland County Magistrate Franchot A. Brown and swearing out a criminal warrant charging plaintiff with commission of breach of trust with fraudulent intent, a violation of S.C. Code Ann. § 16–365. Plaintiff alleges that he was arrested and imprisoned pursuant to the warrant and that, in order to secure his release, he was compelled to post bond in an amount approximately equal to that charged in the disputed bill. According to the complaint, the criminal proceedings against plaintiff were subsequently terminated in his favor when Magistrate Brown dismissed the charges at a preliminary hearing for lack of probable cause.

The complaint sets up three causes of action for abuse of process, malicious prosecution, and violation of 42 U.S.C. § 1983; the last apparently founded upon plaintiff's allegation that defendant Hein had established "a method of operation or working relationship with the office and employees of the Columbia Magistrate" in order to effect collection of unpaid bills. Defendant Hein is sued individually, doing business as Econo-Car of Columbia, and the five corporate defendants are named as principals represented by Hein as their agent in the alleged illegal conduct. Defendant Econo-Car International, Inc. has moved to dismiss on the ground that the court lacks jurisdiction of any of the causes of action alleged. Resolution of the issues raised in this motion would appear to affect all defendants in an identical manner, but as only Econo-Car International, Inc. has filed a motion to dismiss, only that defendant will be directly affected by the decision herein.

■ It appears initially that the allegations of malicious prosecution and abuse of process are derived solely from state law and might be cognizable in this court, if at all, only because of their relationship to the alleged violation of 42 U.S.C. § 1983. The status of plaintiff's § 1983 claim is therefore most significant, and it appears that defendant should have moved under Rule 12(b)(6) for dismissal for failure to state a claim upon which relief can be granted. In its motion to dismiss for lack of jurisdiction, defendant contends that the complaint fails to allege the necessary elements of a proper § 1983 claim and then urges the court to conclude that jurisdiction therefore exists under neither 28 U.S.C. § 1331 nor 28 U.S.C. § 1343. Similar arguments were made in *York v. Story*, 324 F.2d 450 (9th Cir. 1963), and the district court held that it lacked jurisdiction because the complaint failed to state a claim under § 1983. The Ninth Circuit regarded as "surplusage" the holding that the district court lacked jurisdiction. Plaintiff had alleged jurisdiction under 28 U.S.C. §§ 1343(3) and (4) and the court stated:

In the amended complaint appellant, specifically invoking these subsections as a basis for jurisdiction, attempted to state a claim under section [1983]. This was enough to establish district court jurisdiction, whether or not appellant succeeded in stating such a claim.

Where, as here, the Constitution and laws of the United States, if given the meaning ascribed to them by the plaintiff, establish a claim for relief in the federal courts on the basis of the facts alleged, the problem of determining whether the Constitution and laws have that meaning presents not a jurisdictional question but only one as to the sufficiency of the pleading to state a claim. The court in fact assumed jurisdiction when it decided, on the merits, that the amended complaint did not state a claim under section [1983].

324 F.2d at 453.

Defendant's motion to dismiss therefore must be considered as raising the issue of whether the complaint states a claim upon which relief can be granted. There is no reason for the court not to proceed to decide the motion in that context, however, because the memoranda submitted by both parties more than adequately discussed the sufficiency of plaintiff's § 1983 claim despite the erroneous designation of the ground for the motion.

■ The very language of § 1983 requires a plaintiff to establish a deprivation of rights, privileges or immunities secured by the Constitution of the United States and the fact that the conduct complained of was engaged in "under color of state law." The allegations of unlawful arrest and imprisonment, if established as true would undoubtedly constitute proof of a deprivation of plaintiff's constitutional rights. Whether any of the defendants can be said to have acted under color of state law is a more complex question.

■ Because the remaining defendants may be held liable only vicariously under the principles of agency, the only actions in question are those of defendant Hein, a private citizen with no direct connection with state government. Nevertheless, there are two methods by which a private

individual may be construed as acting under color of state law and therefore held liable under 42 U.S.C. § 1983. Under the first mode of establishing liability, the courts have found the private individual clothed with authority of the state so as to render his actions substantially identical to actions taken by the state. The key feature of this type of liability is that the individual possesses power, conferred by statute or otherwise, which an ordinary citizen does not possess and which allows the individual to take actions normally associated with those taken by public officials acting on behalf of the state. Hence, police cadets, store detectives, and sureties on bail bonds have been held to be acting under color of state law because they exercised police authority sanctioned by the state. *Street v. Surdyka,* 492 F.2d 368 (4th Cir. 1974); *DeCarlo v. Joseph Horne and Company,* 251 F.Supp. 935 (W.D.Pa.1966); *Hill v. Toll,* 350 F.Supp. 185 (E.D.Pa.1970). In another case, a landlord was held liable under 42 U.S.C. § 1983 for action taken pursuant to a state statute in entering a tenant's property in order to enforce a lien. The court held that such entry and seizure possessed many, if not all, of the characteristics of a state's police power. *Hall v. Garson,* 430 F.2d 430 (5th Cir. 1970). And a private individual was held liable under 42 U.S.C. § 1983 for instituting a public nuisance action under a state statute which allowed the individual to proceed in the place of the Attorney General and in the name of the state and the public interest. *Larkin v. Bruce,* 352 F.Supp. 1076 (E.D.Wis.1972).

In this action, however, none of the characteristics associated with the foregoing cases are present. Defendant Hein did not possess any special authority conferred by the state. His actions were not those normally taken by public officials acting on behalf of the state. In swearing out the warrant for plaintiff's arrest, defendant Hein was exercising a power not conferred by statute upon a select few but available to all private citizens as a matter of right. In contrast to the circumstances present in *Street, DeCarlo* and *Hill,* defendant Hein took no part in the arrest of the plaintiff.

His actions cannot be analogized to an exercise of the state's police power, as was done in *Hall.* And unlike the defendant in *Larkin,* he assumed no role in the prosecution of the plaintiff. In this regard, of particular relevance is the decision in *Weise v. Reisner,* 318 F.Supp. 580 (E.D.Wis.1970). The court there held that defendant's actions in filing a petition with a court pursuant to a state statute for examination into plaintiff's mental condition was not enough to satisfy the "under color of state law" requirement of 42 U.S.C. § 1983. The court said that "individuals acting pursuant to a state law are not acting 'under color of' that law so as to result in the imposition of liability under § 1983." 318 F.Supp. at 581. Applying this principle to the situation here, the court must conclude swearing out an arrest warrant is no more action taken under color of state law than is filing a petition with a court to have an individual committed to a mental institution for examination. Clearly, therefore, the plaintiff has failed to state a claim under this mode of establishing liability under 42 U.S.C. § 1983.

A second method by which a private individual may be held liable under 42 U.S.C. § 1983 involves the situation in which an individual jointly engages or conspires with a state official to deprive a plaintiff of his constitutionally protected rights. Such conspiracy or joint activity causes the private individual's acts to be considered as having been taken under color of state law. Authority for this proposition is found in *Adickes v. S. H. Kress and Company,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The Supreme Court in that case held that a restaurant owner was liable under 42 U.S.C. § 1983 for conspiring with a policeman to deny service to a white woman in the company of blacks.

Plaintiff actually appears to rely upon this second method to establish Hein's liability under § 1983 for actions taken "under color of state law." The complaint alleges that he acted "in concert" with Magistrate Brown to effect plaintiff's illegal arrest and deprive him of constitution-

ally protected rights. The magistrate himself is not named as a defendant in this action and could not be held liable even if he were. In a case involving the same Magistrate Brown, the Fourth Circuit recently held that a magistrate in South Carolina enjoys judicial immunity from § 1983 actions, such as this one, for money damages for actions taken in his official capacity. *Timmerman v. Brown,* 528 F.2d 811 (4th Cir. 1975).

 Since Hein's alleged co-conspirator in this case is immune from suit, the question next faced by the court is whether a § 1983 action can be maintained against a private individual who in no way acted under color of state law absent such an alleged conspiracy. A number of courts have considered this issue and, without exception, have concluded that the immunity of the alleged co-conspirator is fatal to the cause of action under § 1983 absent other indications that defendant acted under color of state law. *Hansen v. Ahlgrimm,* 520 F.2d 768 (7th Cir. 1975); *Sykes v. California Dept. of Motor Vehicles,* 497 F.2d 197 (9th Cir. 1974); *Hill v. McClellan,* 490 F.2d 859 (5th Cir. 1974); *Guedry v. Ford,* 531 F.2d 660 (5th Cir. 1970); *Haldane v. Chagnon,* 345 F.2d 601 (9th Cir. 1965); *Stambler v. Dillon,* 302 F.Supp. 1250 (S.D.N.Y.1969); *Jemzura v. Belden,* 281 F.Supp. 200 (N.D.N.Y.1968); *Shakespeare v. Wilson,* 40 F.R.D. 500 (S.D.Calif.1966); *see also Grow v. Fisher,* 523 F.2d 875 (7th Cir. 1975).

This court is in agreement with the decisions noted above and holds that a complaint such as this one, founded upon allegations of a conspiracy between a private individual and one who enjoys judicial immunity from such suits, fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. In so holding, the court is not unaware of the reservations concerning this result expressed by one panel of the Seventh Circuit in *Grow v. Fisher, supra.* The court was somewhat disturbed about decisions which would expand the scope of governmental immunity to private persons and declined to base its decision to dismiss a § 1983 complaint solely on that ground. Nevertheless, the court presented a possible rationale for a holding based upon immunity principles, and did so convincingly. To allow the courts to entertain actions based on such allegations as this of conspiracy between private citizens and judicial officers would subject every complainant in every case to potential liability and an alarming possibility of suit under the ever-broadening provisions of § 1983. There is nothing in § 1983 or in any previous decision interpreting the statute which could require or justify a decision so likely to discourage private individuals from fulfilling any desire or, indeed, any moral obligation they may feel to become involved in the judicial treatment of crime and misconduct which has come to their attention.

For the reasons stated above, the court concludes that plaintiff's complaint fails to state a cause of action upon which relief can be granted under 42 U.S.C. § 1983 and the same is hereby dismissed. The dismissal of the complaint renders moot plaintiff's motion to compel discovery of defendant Econo-Car International Inc. and that motion need not be considered.

AND IT IS SO ORDERED.