Michael Robert **KOBOS**, a minor child two years of age, by and through Michael KOBOS and Rebecca Kobos, his parents and next friends, Michael Kobos and Rebecca Kobos, Petitioners (Plaintiffs),

v.

Richard G. **SUGDEN**, M.D., Kenneth L. Lambert, M.D., Kenneth L. Lambert, M.D., P.C., a Wyoming Professional Corporation, Charles Everts, M.D., Teton Radiology Associates, P.C., a Wyoming Professional Corporation, James R. Little, M.D., Jackson Pediatrics, P.C., a Wyoming Professional Corporation, Thomas J. Pockat, M.D., John Does I–X and Doe Partnerships, Corporations, and/or Other Entities I–X, Respondents (Defendants).

No. 84–283.

Supreme Court of Wyoming.

Jan. 25, 1985.

Lawrence B. Hartnett, Hartnett & Moyer, Jackson, Richard J. Mulligan, Jackson; and Andrew S. Hartnett, Honolulu, Hawaii, signed the brief on behalf of petitioners-plaintiffs.

Frank D. Neville and T. Michael Golden, Williams, Porter, Day & Neville, P.C., Casper, signed the brief on behalf of defendant-respondent Richard G. Sugden, M.D.

Paul B. Godfrey, Godfrey & Sundahl, Cheyenne, signed the brief on behalf of defendant-respondent Kenneth L. Lambert, M.D.

J.E. Vlastos, Vlastos, Reeves, Murdock & Brooks, P.C., Casper, signed the brief on behalf of defendants-respondents Charles Everts, M.D. and Teton Radiology Associates, Inc.

Carl L. Lathrop, Lathrop & Uchner, P.C., Cheyenne, signed the brief on behalf of defendant-respondent James R. Little, M.D.

Lawrence A. Yonkee, Redle, Yonkee & Arney, Sheridan, signed the brief on behalf of defendant-respondent Thomas J. Pockat, M.D.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

This matter came before this court on a writ of certiorari for the purpose of reviewing an order denying a motion to change judge for cause in Civil Action No. 5357 in the District Court, Ninth Judicial District, County of Teton. All parties submitted briefs on the issue and the Honorable Robert B. Ranck expressed his position in the matter by letter.

Rule 40.1(b), W.R.C.P., Cum.Supp.1984, reads in pertinent part:

"(2) Disqualification for Cause.—Whenever the grounds for such motion become known, any party may move for a change of district judge on the ground that the presiding judge (A) has been engaged as counsel in the action prior to his election or appointment as judge, (B) is interested in the action, (C) is related by consanguinity to a party, (D) is a material witness in the action, or (E) is biased or prejudiced against the party or his counsel. The motion shall be supported by an affidavit or affidavits of any person or persons, stating sufficient facts to show the existence of such grounds. Prior to a hearing on the motion any party may file counter-affidavits. The presiding judge shall rule on the motion and if he grants the same shall immediately call in another district judge to try the action.

"(3) Effect of Ruling.—A ruling on a motion for a change of district judge shall not be an appealable order, but the ruling shall be entered on the docket and made a part of the record and may be assigned as error in an appeal of the case."

The last quoted subsection, Rule 40.-1(b)(3), would seem to dispose of petitioners' position. However, because a hearing was not had on petitioners' motion for a change of judge, and in view of the time and money to be spent in the trial of this matter, the issuance of a writ of certiorari was ordered.

The request for a change of judge was made on the ground that the judge was biased or prejudiced against the plaintiffs or their counsel. A review of petitioners' 70-page brief reflects that only one of the alleged instances reflecting bias and prejudice on the part of Judge Ranck has to do with that other than orders and actions taken with reference to the case, which orders and actions are subject to appeal in the normal course of civil procedure. It would be novel, to say the least, for us to address alleged errors of law at a pretrial time under the guise of ascertaining bias and prejudice rather than on the merits of the legal error itself at the time they are properly placed before us on appeal. The instances of this nature are those pertaining to rulings on pretrial conference matters, depositions, number of jury challenges, trial and other procedural settings and continuances thereof, rulings on protective orders, designation of expert witnesses and method of payment for their services, and appointment of guardian for the minor child.

The one allegation of bias and prejudice not pertaining to case orders or actions is to the effect that one of the defendant-physicians was a personal friend of the trial judge; that the physician was a treating physician of the judge and his wife; and that the judge had made a statement to the effect that he held the professional skill and competence exercised by the physician in high regard. As already noted in Rule 40.1(b)(3), an unfavorable ruling on the motion made for this reason would be presented to us only as error on appeal of the case. However, inasmuch as a hearing was not had on the motion, as contemplated by this rule, an ultimate appeal would contest the procedure and not only the ruling on the motion. Accordingly, the parties were afforded the opportunity to present their positions through briefs in this certiorari proceeding. That having been done, we find petitioners have failed to substantiate the existence of bias and prejudice from the judge's association with the defendant-physician. In *Cline v. Sawyer*, Wyo., 600 P.2d 725, 729 (1979), we noted the difference between "bias" and "prejudice" and said:

"A judge would not be very effective or efficient in a community the size of Sheridan, if he were bound to recuse himself from cases involving those with whom he had 'close political affiliations and social relationships' or with whom he had been 'a close personal friend throughout a greater part of' his life. There is no more of a disposition for a judge to rule in favor of an acquaintance or friend because of that fact than there is a disposition for him to rule against an acquain-

tance or friend because of that fact. The fact of friendship could result in a 'leaning over backwards' to maintain impartiality, or it could result in the opposite. But an allegation of friendship, without more, is not sufficient to establish that either is likely to happen.

"In response to a contention that the judge should be disqualified because of a close personal relationship with an associate of the defendant, the court said in *Firnhaber v. Sensenbrenner*, U.S.D.C. Wis., 385 F.Supp. 406, 412 (1974):

"'* * * If this were the appropriate standard for determining when recusal is necessary, either very few cases could be heard by the federal judiciary, or federal judges would be rendered hermits upon their appointment. * *'

"See *Plechner v. Widener College, Inc.* (3rd Cir.), 569 F.2d 1250 (1977); and *Hirschkop v. Virginia State Bar Ass'n*, U.S.D.C.Va., 406 F.Supp. 721 (1975).

"Without a valid reason for recusal, a judge has a duty not to recuse himself.

"'Recusal and reassignment is not a matter to be lightly undertaken by a district judge. While, in proper cases, we have a duty to recuse ourselves, in cases such as the one before us, we have concomitant obligation *not* to recuse ourselves; absent a valid reason for recusal, there remains what has sometimes been termed a "duty to sit." [Citations.]' *Simonson v. General Motors Corporation*, U.S.D.C.Pa., 425 F.Supp. 574, 578 (1976)." (Emphasis in original and footnote omitted.)

The 1980 census for Jackson, Wyoming was 4,511. The judge probably has acquaintanceship with the majority of the residents. The case is to be tried to the jury. Petitioners have now been afforded the opportunity to present and argue their motion for disqualification. For the reasons stated, the motion should not be granted.

The case is remanded and a mandate will issue immediately so that the district court can process the case in the regular course of its business.

CARDINE, Justice, dissenting.

I dissent.

The court in its opinion relies heavily upon cases from the federal courts. But, federal courts sit primarily in large population centers where the judge is rarely known by the mass of population; and so, Jackson, Wyoming, with its population of 4,511, points up the clear difference between the federal judiciary and that of our state courts. The state court judge may have close personal relationships with a large percentage of persons in a small town. Occasionally, for honest and legitimate reasons, one of those persons may feel that the judge should not try his case. A litigant in this circumstance who believes he will not receive a fair trial by a particular judge should not have to try his case before that judge. There are two judges in the ninth judicial district, one of whom resides in Lander. It would have been a simple matter to assign this case to the Lander judge.

With respect to the claim of prejudice, plaintiff's attorneys Larry and Andrew Hartnett discussed with the judge more than a year ago his not sitting on this case. The judge advised plaintiff's counsel that:

"[I]f they filed a motion to swear me off the case, I would withdraw my permission for Andrew Hartnett to represent the plaintiffs in this case; * * * and I told Larry Hartnett that that is what I would do."

I am unable to understand why the judge threatens this kind of sanction when asked not to hear this case. Finally, plaintiffs state that the judge is a personal friend of one of defendants. For the reasons stated, I at least would have preferred to hear oral argument on the certiorari petition.