John PALMA, Plaintiff–Appellant,

v.

**WORKERS COMPENSATION BOARD OF THE STATE OF NEW YORK and Special Funds Commission, Defendants–Appellees.**

Docket No. 02–7358–CV.

United States Court of Appeals, Second Circuit.

Sept. 29, 2005.

John Palma, Howard Beach, New York, for Plaintiff–Appellant, pro se.

Steven Segall, Assistant Attorney General, New York, New York (Eliot Spitzer, Attorney General, Michael Belohlavek, Deputy Solicitor General, M. Patricia Smith, Assistant Attorney General in Charge of the Labor Bureau, and Iris A. Steel, Assistant Attorney General, on the brief), for Defendant–Appellee, Workers Compensation Board of the State of New York.

Present: WINTER, MINER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Plaintiff filed an action against the Workers Compensation Board of the State of New York ("Board") and the Special Funds Commission ("Commission") under 42 U.S.C. § 1983. After conducting *de novo* review, we conclude that plaintiff's claims against the Board are barred under the Eleventh Amendment. Moreover, plaintiff's claims against the Commission must be dismissed because plaintiff fails to state a claim upon which relief may be granted.

The Board, as an agency of the New York State government, is entitled to sovereign immunity under the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *see also*

*Fonseca v. Columbia Gas Sys., Inc.,* 37 F.Supp.2d 214, 231 (W.D.N.Y.1998) (concluding that Board was entitled to Eleventh Amendment Immunity). As a result, absent New York's consent or Congressional abrogation, the Board is immune from suits that are brought in federal courts by New York citizens or by citizens of another state. *See Bd. of Trs. of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). The State of New York has not consented. Moreover, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* did not abrogate the states' Eleventh Amendment immunity. *Garrett,* 531 U.S. at 374 & n. 9, 121 S.Ct. . In any event, plaintiff's complaint fails to state a valid ADA claim because, as the district court pointed out, plaintiff fails to allege how the Board treated him differently "by reason" of his disability. 42 U.S.C. § 12132.

■ Unlike the Board, the Commission's status as a state agency, and its ability to invoke sovereign immunity, is unclear. *Cf. Lipofsky v. Steingut,* 86 F.3d 15, 17–18 (2d Cir.1996) (per curiam). However, plaintiff's claims against the Commission were properly dismissed because plaintiff fails to state a claim upon which relief may be granted. Plaintiff's complaint does not refer to any specific act on the part of the Commission, whose primary responsibility appears to be merely dispersing funds following the Board's eligibility decision. Indeed, the Commission took no part in the Board's hearings or its decision-making process and thus did not interfere with plaintiff's rights.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**