25-1362-cv
*Petre v. Am. Motorist Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

Gheorghe Petre,

> *Plaintiff-Appellant,*

> v.                                                                              25-1362-cv

American Motorist Insurance
Company; Jennifer Arcarola; Foley, Smit,
O'Boyle & Weisman Law Firm; New York
State Liquidation Bureau; New York State
Workers Compensation Board; myMatrixx, an
Express Scripts Company,

*Defendants-Cross-Defendants-Appellees,*

**PMA Companies,**

*Defendant-Cross-Claimant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Gheorghe Petre, *pro se*, Bronx, NY. |
| **FOR DEFENDANT-CROSS DEFENDANT-APPELLEE NEW YORK STATE WORKERS' COMPENSATION BOARD:** | Philip J. Levitz, Senior Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Nathalie Beauchamps, Law Intern, *on the brief*), *for* Letitia James, Attorney General for New York, New York, NY. |
| **FOR DEFENDANT-CROSS-CLAIMANT-APPELLEE PMA COMPANIES:** | Anthony M. Napoli, Pillinger Miller Tarallo, LLP, Elmsford, NY. |
| **FOR DEFENDANT-CROSS DEFENDANT-APPELLEE MYMATRIXX, AN EXPRESS SCRIPTS COMPANY:** | Jason Husgen (Spencer Tolsen, *on the brief*), Husch Blackwell LLP, St. Louis, MO. |
| **FOR DEFENDANTS-CROSS DEFENDANTS -APPELLEES AMERICAN MOTORIST INSURANCE COMPANY, AND NEW YORK STATE LIQUIDATION BUREAU:** | Donald Niel Cohen, New York State Liquidation Bureau, New York, NY. |
| **FOR DEFENDANTS-CROSS DEFENDANTS -APPELLEES FOLEY, SMIT, O'BOYLE & WEISMAN LAW FIRM, AND JENNIFER ARCAROLA:** | Daniel S. Shimko (Mark Salem, *on the brief*), Shimko Law P.C., Brooklyn, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Komitee, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Gheorghe Petre, proceeding without a lawyer, commenced this action pursuant to 42 U.S.C. § 1983 against the New York State Workers' Compensation Board ("the Board"); PMA Companies (the insurance carrier currently handling his workers' compensation claims); myMatrixx (a pharmacy manager); Foley, Smit, O'Boyle & Weisman, a law firm, and its associate, Jennifer Arcarola (together, the "Foley Smit defendants"); American Motorist Insurance Co., a liquidated insurance company ("AMICO," the insurance carrier which, prior to liquidation, handled Petre's workers' compensation claims); and the New York State Liquidation Bureau ("the Bureau"), the state-created company that handles liquidated insurers like AMICO (together with AMICO, the "AMICO defendants"). He alleged, in substance, that he was entitled to physical therapy and other workers' compensation benefits from work-related injuries that first occurred in 1999, and that the defendants violated his constitutional rights and various state law provisions by denying his claims. He sought money damages and equitable relief. The District Court dismissed the complaint without prejudice,[1] against the Board for lack of subject matter

---

[1] As explained below, the District Court properly dismissed the claims against the

3

jurisdiction based on sovereign immunity and against the other defendants for failure to

---

Board without prejudice for lack of subject matter jurisdiction, so that Petre could refile those claims in a different, proper forum.   The District Court, however, did not explain why it also dismissed Petre's claims against the other defendants without prejudice; those claims were dismissed not for lack of subject matter jurisdiction but for failure to state a claim.   A jurisdictional dismissal is without prejudice to filing the same claim in a court that has jurisdiction, but a dismissal for failure to state a claim is a final judgment on the merits; in that context, a dismissal without prejudice usually means "without prejudice to filing an *amended* complaint" that attempts to remedy the defects in the dismissed complaint by adding new allegations.   However, the District Court's order did not grant leave to amend, and instead directed the Clerk to close the case, albeit without entering a judgment for the defendants.

If the District Court intended to dismiss the claims without prejudice in that sense, we would lack jurisdiction over the appeal.   "Our appellate jurisdiction is generally limited to final decisions of district courts, those that end the litigation on the merits and leave nothing for the court to do but execute the judgment."   *In re Decor Holdings, Inc.*, 86 F.4th 1021, 1024 (2d Cir. 2023) (quoting *SEC v. Smith*, 710 F.3d 87, 93 (2d Cir. 2013)).   We have held, however, that a dismissal that is said to be without prejudice is final and appealable, "absent some retention of jurisdiction such as an invitation to amend the complaint."   *Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 104 (2d Cir. 2005).   Moreover, a dismissal that does grant leave to amend may be final, even as to a litigant proceeding without an attorney, where the party files a notice of appeal and either disclaims any intent to amend or fails to attempt to amend in a timely manner. *See Festa v. Loc. 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 36-37 (2d Cir. 1990).   Here, the District Court did not grant leave to amend, and Petre filed a notice of appeal and made no effort, timely or otherwise, to amend his complaint or seek leave to do so.   In these circumstances, we are satisfied that the dismissal is final as intended by the District Court and as understood by the parties.   *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 67 (2d Cir. 2011) (assessing finality of order through its apparent intent and practical effect).   Accordingly, we conclude that the order was final, and we affirm the judgment on the understanding that the judgment dismissed the claims against all defendants other than the Board with prejudice.   But we note that the better practice is for district courts, when dismissing claims, to state clearly whether a dismissal is without prejudice to filing an amended complaint by a date certain.

4

state a claim. *See Petre v. N.Y. State Workers' Comp. Bd.*, No. 1:23CV01641(EK), 2025 WL 1311033 (E.D.N.Y. May 6, 2025). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review the order of dismissal *de novo*. *See Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 (2d Cir. 2004) (sovereign immunity); *Maloney v. Social Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008) (subject-matter jurisdiction); *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024) (failure to state a claim). We address in turn the dismissal of claims against the Board; PMA, myMatrixx, and the Foley Smit defendants; and the AMICO defendants.

## I.    *The Board*

The District Court correctly determined that the Eleventh Amendment bars Petre's claims for money damages against the Board. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This protection extends to "state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). As we have previously held, "[t]he Board, as an agency of the New York State government, is entitled to sovereign immunity under the Eleventh Amendment." *Palma v. Workers Comp. Bd. of N.Y.*, 151 F. App'x 20, 21 (2d Cir. 2005) (summary order); *see also* N.Y. Workers' Comp.

5

Law § 140 (Board is component of New York State Department of Labor); *Jordan v. N.Y. State Dep't of Labor*, 811 F. App'x 58, 59 (2d Cir. 2020) (summary order) ("NYSDOL is immune from suit under the Eleventh Amendment, which precludes suits against states and state agencies unless the state expressly waives its immunity or Congress abrogates that immunity."). Thus, any claim for damages against the Board is barred by sovereign immunity.

Insofar as Petre seeks prospective equitable relief against the Board – such as an order requiring the Board to provide him physical therapy or other workers' compensation benefits – state sovereign immunity typically does not bar a complaint that "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective" against state officers, under the *Ex parte Young* exception. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citation modified). However, "a plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly." *Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991). Petre did not name any state officers as defendants. Because the *Ex parte Young* exception "has no application in suits against the States and their agencies, which are barred regardless of the relief sought," *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993), Petre's claims for equitable relief against the Board are also barred.

6

**II.**    *PMA, myMatrixx, and Foley Smit Defendants*

The District Court correctly dismissed the claims against those defendants because Petre did not adequately allege that they are state actors.    Private actors and institutions are generally not proper § 1983 defendants because they do not act "under color of state law."    *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).    "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act."    *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). Petre's complaint contains one conclusory allegation that "all of them" – presumably meaning the defendants – were involved in "a premeditated conspiracy" to deny him medical care.    Compl. ¶ 142, *Petre v. N.Y. State Workers' Comp. Bd.*, No. 1:23CV01641(EK) (E.D.N.Y. Mar. 1, 2023), ECF No. 1.    But "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."    *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002).    And the fact that these defendants were parties or counsel in judicial proceedings does not make them state actors.    *See, e.g.*, *Stevens v. Frick*, 372 F.2d 378, 381 (2d Cir. 1967) (holding that a state "does not clothe persons who use its judicial processes with the authority of the state" for § 1983 purposes).    Thus, the § 1983 claims against those non-state-actor defendants were properly dismissed for failure to state a claim.

**III.** *AMICO Defendants*

The District Court also properly dismissed the complaint against AMICO and the Bureau. As the District Court noted, Petre's complaint did not allege that those defendants participated in any of the recent denials of therapy, medication, or medical and transportation expenses, in part because AMICO has not been the carrier for Petre's claims since 2013. The allegations of the complaint do not allow the Court "to draw the reasonable inference that [these defendants are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint therefore fails to state a claim against the AMICO defendants.

\* \* \*

We have considered Petre's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the District Court dismissing the complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8